## MILNER *v.* NOEL.

ARBITRATION AND AWARD.—*Evidence.*—It is a good ground of objection to an award, expressly made so by statute, 2 G. & H. 345, sec. 16, that the arbitrators "refused to hear evidence material and pertinent to the controversy."

SAME.—*Answer.*—Where it was shown by the submission to arbitration that the partnership goods of the parties went into the hands of one party, after the dissolution of their partnership, for the purpose of adjusting and settling the partnership affairs, and that the submission to arbitration was for the purpose of settling said affairs, an answer alleging the refusal of the arbitrators to allow the other party to prove that the partner into whose hands the goods were so placed, by a sale or resale of the goods, made a profit for which he had not accounted, was a valid objection to the award.

SAME.—Such answer was not bad because it did not recite all the evidence given on the trial before the arbitrators.

SAME.—In arbitration cases arising under the statute, there is no rule of law

by which a party excepting to an award can have a trial by jury; and the court in refusing a demand for a jury trial in such case commits no error.

From the Posey Circuit Court.

*W. M. Hoggatt, E. M. Spencer,* and *J. H. Loudon,* for appellant.

*A. P. Hovey* and *G. V. Menzies,* for appellee.

DOWNEY, C. J.—This was a proceeding by the appellee against the appellant, to enforce the performance of an award, made in favor of the appellee against the appellant in pursuance of a submission which was made a rule of said circuit court in pursuance of the statute concerning arbitrations and umpirages. 2 G. & H. 342. Upon the making of the preliminary proofs required by section 13 of the act, a rule was granted against the appellant to show cause why judgment should not be rendered by the court upon the award. The parties had been partners in the sale of merchandise, the firm had dissolved, and the submission was for the purpose of an adjustment of the partnership business and accounts.

Upon return of the rule, the appellant showed cause: 1. The manifest partiality of one of the arbitrators, who is named, for the plaintiff in making the award. And, 2. That the arbitrators refused to permit the defendant to prove by one John M. Noel, that the plaintiff, after the dissolution of the firm of Noel & Milner, and after the transfer and delivery of the assets of said firm to said William J. L. Noel, by a resale of the goods received by him, amounting in value to four thousand nine hundred and twenty-seven dollars and fifty-seven cents, made and realized a profit by such resale of the sum of one thousand dollars, for which he never accounted or charged himself in the settlement of the business of the firm, and for no part of which did the defendant ever receive credit; which testimony the defendant avers was material and competent in the trial of the said cause, the said John M. Noel being a competent witness, and the only witness by whom the defendant could prove said fact.

The plaintiff replied to the first paragraph of the answer by a general denial, and demurred to the second on the ground: 1. That it did not state facts sufficient to constitute a cause why the rule should not be made absolute by the rendition of judgment on the award. 2. That there was no statement of the whole evidence adduced before the arbitrators in the record.

This demurrer was sustained, and the defendant excepted. The defendant then demanded to have the issue formed on the first answer or objection tried by a jury, which demand was refused, and he excepted. The court then tried the issue, and, disallowing the objection to the award, found for the plaintiff. The defendant moved the court for a new trial, assigning for causes: 1. That the finding of the court was not sustained by sufficient evidence. 2. It was contrary to law and the evidence. 3. Because the court refused the request of the defendant for a jury trial of the cause. And, 4. Because the court received in evidence the written agreement of the plaintiff and defendant over the objection of the defendant.

There is a bill of exceptions showing the demand for a trial by jury, the refusal thereof, and an exception to the ruling, but there is no bill of exceptions setting out the evidence which was given.

The errors assigned are the following: 1. The court erred in sustaining the demurrer of the appellee to the second paragraph of the answer. 2. In overruling the appellant's motion for a new trial. 3. In refusing the request of the appellant for a jury trial.

The first question to be considered is the sustaining of the demurrer to the second paragraph of the answer. It is a good ground of objection to an award, expressly made so by statute, 2 G. & H. 345, sec. 16, second division, that the arbitrators "refused to hear evidence material and pertinent to the controversy." The answer alleges that the evidence was material and competent, and that the witness was competent to testify. Was it, in fact, material, as shown by the

record? The matter in controversy, as shown by the bond or agreement of submission, is stated as follows: " That whereas there heretofore existed a partnership between William J. L. Noel and Sylvanus Milner in the business of selling and trading in general merchandise, and such other business as is incident thereto, said business having been conducted in, etc., and whereas said business was dissolved by the mutual consent of said partners, and the effects of said firm placed in the possession of the said William J. L. Noel for adjustment and settlement, and whereas said business between said Noel and Milner remains unsettled, and said parties being mutually desirous to make a settlement and adjustment of said business without the litigation of courts. Now, therefore, in consideration of the premises, the said Noel and Milner have agreed and do hereby agree to submit all matters of difference and dispute between them in reference to said partnership and all matters between them growing out of said partnership business to the arbitration of," etc.

It is shown by the submission that the partnership goods went into the hands of Noel after the dissolution, for the purpose of adjusting and settling the partnership affairs. The proposition was to prove by a competent witness that he, by a sale or resale of the goods so in his hands, made a profit of one thousand dollars, for which he had not accounted. Judge STORY says: " If any partner has, after the dissolution, misapplied the partnership funds, and made profits thereby, he will be made accountable for all such profits; but the losses, if any, must be borne by himself." Story Part., sec. 329, and cases cited. But it is contended that the paragraph in question is bad, because it did not set out all the evidence that was given in the trial before the arbitrators. We do not think that this was necessary. We are of the opinion that the objection, if true, is a valid objection to the award.

We are not aware of any rule of law by which the party excepting to an award in cases like this can have a trial by jury. In *Goodwine* v. *Miller*, 32 Ind. 419, which was an action on a common law award, this court held that a

trial by jury might be had. But the court was careful to distinguish that kind of case from such as this. The court said : "This was an action on a common law award, and not a rule of court to show cause why judgment should not be rendered thereon." The statute provides, that "the court shall hear the proofs and allegations of the parties, to invalidate and sustain such award or umpirage, and shall decide thereon, either confirming such award or umpirage, or may modify and correct the same in the cases prescribed in the last preceding section so as to effect the intent thereof, and to promote justice between the parties, and shall render judgment on such original or corrected award or umpirage; or the court may vacate such award or umpirage for any of the causes hereinbefore specified at the cost of the parties seeking to enforce such award or umpirage." 2 G. & H. 347, sec. 18. It seems quite clear to us that in refusing a jury trial the court committed no error.

We think it unnecessary to pass upon any of the other questions, if there are others, in the record; as for the wrongful sustaining of the demurrer to the second paragraph of the answer, the judgment must be reversed, and such other questions are of no further interest in the case.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the second paragraph of the answer, and for further proceedings.