## SPENCER v. CURTIS.

SUPREME COURT.—*Judicial Notice.*—*Circuit Court.*—*Terms of.*—The Supreme Court, on appeal, takes judicial notice of the terms of the circuit courts, and of their duration.

ARBITRATION AND UMPIRAGE.—*Notice.*—*Waiver.*—Where, by agreement and order, an arbitration is directed to take place at a time less than ten days after the date of such agreement and order, the parties thereby waive their right to the notice required by section 4 of the "act relative to arbitrations," etc. 2 R. S. 1876, p. 317.

SAME.—*Copy of Award.*—Where such submission is made within less than fifteen days of the end of the term of court of which it is agreed that the award shall be made a rule, the parties are presumed to waive their rights to còpies of the award, required by section 11 of such act.

SAME.—*Arbitration Continued Beyond Term.*—*Sealing up Award.*—*Rule.*— Where, in consequence of the fact that the term of court at which the award is to be made a rule is about to expire before the completion of the arbitration, it is agreed by the parties that such arbitration shall be continued until an award is made, which shall be sealed up and retained by the arbitrators until the next term of court, the parties thereby waived their rights to copies of the award, required by such section 11, and dispensed with the service of the rule required by sections 13, 14 and 15.

SAME.—*Objection to Award.*—*Affidavit.*—*Practice.*—An alleged objection to an award by arbitrators, which does not appear on its face, must be supported by affidavit.

SAME.—An objection to an award, that the arbitrators imperfectly executed their trust, or did not decide all matters referred to them, must particularly specify the matters thereby intended, where the same do not appear on the face of the award.

SAME.—*Award by Majority.*—An award duly made by a majority of legally

appointed arbitrators is valid, unless by the terms of the submission an award by all is required.

SAME.—*Trial by Jury.*—After the submission of a cause for arbitration, and the return of the award, a party to such submission can not demand a trial by jury.

From the Jennings Circuit Court.

*G. Swarthout, E. P. Ferris, H. W. Harrington* and *A. G. Howe,* for appellant.

*D. Overmyer, J. D. New* and *T. C. Batchelor,* for appellee.

HOWK, J.—At the March term, 1875, of the court below, three separate actions were there pending and undetermined, in each of which the parties to this appeal were either plaintiff or defendant. The several actions were entitled as follows :

1. Samuel A. Spencer *v.* James B. Curtis and Charles B. Curtis;

2. James B. Curtis *v.* Samuel A. Spencer and Charles B. Curtis; and,

3. Charles B. Curtis *v.* Samuel A. Spencer.

In the first of these three actions, the plaintiff, Samuel A. Spencer, alleged, in substance, in his complaint, that he and the defendants, James B. and Charles B. Curtis, had been copartners in the business of trading in, buying and selling live-stock, cattle, hogs and sheep ; and, after averring the amount of business done by said copartnership, the plaintiff, Spencer, demanded judgment for an adjustment of their partnership accounts, and for the sum of three thousand dollars, which he claimed was due him from said defendants, on their said partnership transactions.

In the second of said three actions, plaintiff's complaint was in two paragraphs : The first paragraph was a suit on an account, for work done by the plaintiff for the defendants, for money had and received from plaintiff by the defendants for their use, and for property sold and delivered by plaintiff to defendants, and amounting in all

to three hundred and fifteen dollars and sixty cents, which was then due and wholly unpaid. Wherefore, etc. The second paragraph of said complaint was also a suit on an account for cattle and hogs sold and delivered by plaintiff to said defendants, amounting with interest to four thousand nine hundred and sixty-six dollars and eighty-seven cents, which was then due and unpaid. Wherefore, etc.

And, in the third of said three actions, the plaintiff, Charles B. Curtis, alleged, in substance, in his complaint, that on the — day of March, 1873, he and the defendant, Spencer, formed a partnership to buy, feed and sell stock, and on the — day of February, 1874, they dissolved said partnership by mutual consent; and after averring their partnership transactions, etc., plaintiff demanded judgment for a settlement of their accounts, and for three thousand and seven hundred dollars balance due him, etc. And, in a second paragraph, plaintiff, Charles B. Curtis, alleged, in substance, that the defendant, Samuel A. Spencer, was indebted to the plaintiff in the sum of six hundred and eighty-two dollars on an account for money had and received by defendant for plaintiff's use, and for money laid out and expended by plaintiff for defendant, at his request, a copy of which account was filed with and made part of said paragraph, and was then due and wholly unpaid; and judgment was demanded for seven hundred dollars and all proper relief.

Before the issues were joined in said three actions, all the parties thereto appeared in the court below, at its March term, 1875, and on the 12th day of March, 1875, the following order was made therein, to wit:

"Come now all the parties and agree that the above entitled causes shall be consolidated, and it is so ordered; and now come Smith Vawter, Thomas T. Walker and James W. Hill, arbitrators between said Charles B. Curtis and Samuel A. Spencer, determining differences identical with the subject-matter of said causes, and are duly sworn to faithfully and fairly hear and examine the matters in

controversy between said Charles B. Curtis and Samuel A. Spencer, and make a just award, according to the best of their understanding. Said arbitrators are hereby ordered to proceed to arbitrate said matter on the 13th day of March, 1875, at eight o'clock A. M., at the office of William B. Hagins, attorney at law and justice of the peace, in the town of Vernon, in said county, and to return their award into open court, at the March term thereof, 1875."

On the same day the agreement of submission to arbitration, between the said parties, was filed in the court below and entered of record; whereby they agreed to submit to the persons named in the above recited order, as arbitrators, all matters in controversy between them, pertaining to all of their business transactions, and that the award of said arbitrators should be a rule and order of the court below, at its March term, 1875, and be made payable without relief from valuation or appraisement laws. And said agreement provided for the time and place of the meeting of said arbitrators, as in said order of the court, and afterward upon their own adjournments and until their labors were completed. This agreement was dated March 10th, 1875, and signed " S. A. Spencer," and " C. B. Curtis."

Afterward, at the May term, 1875, of the court below, the parties appeared, and the arbitrators also appeared and filed their report. We will set out so much of this report or award as we think necessary to the proper understanding, and the correct decision, of the consolidated cause. After reciting the said order of the court below, under which the arbitrators acted, said report proceeded as follows :

"And whereas said arbitrators did, on the 13th day of March, 1875, at the office of Wm. B. Hagins as aforesaid, proceed to arbitrate and hear evidence on the subject-matter in controversy between said parties in said causes, and continued so to do, adjourning from day to day for

that purpose, until the term of court was about to expire before said arbitrators had half completed the taking and hearing the evidence of said parties in regard to the subject-matter of controversy between said parties, in said causes of action. Whereupon said parties agreed that said arbitrators should proceed and continue the taking and hearing of the evidence, to be given by said parties, in regard to the subject-matter in controversy, in said causes submitted to them, and upon which it was ordered by said court they should arbitrate, and that they adjourn from day to day to meet on their own adjournments, until they had completed their labor in said arbitration, and, when completed, said arbitrators, or any two of them, should make and seal up their award, and, on the first day of the next term of said court thereafter, should file said award in court so sealed up; and said parties to said controversy made bonds and agreements in writing to that effect. And said arbitrators, after continuing from day to day to hear and receive the evidence of said parties, in regard to the subject-matter in controversy in said causes, and having duly considered the same; Therefore Smith Vawter and James W. Hill, two and a majority of said arbitrators, do make and publish the following as their award between said parties, in regard to the subject-matter in controversy in said causes between said parties, to wit: That said Samuel A. Spencer pay to the said Charles B. Curtis the sum of six hundred and fifty dollars, without relief from valuation or appraisement laws, and that the costs of this arbitration * * * be paid equally by said parties."

This award was signed by said two arbitrators, Vawter and Hill, on the 24th day of May, 1873, and was attested by two subscribing witnesses.

To this report or award, the appellant excepted in writing; and these exceptions were overruled by the court below, and to this decision appellant excepted. On ap-

pellee's motion, judgment was rendered by the court below, in favor of appellee and against the appellant, in accordance with the terms of said report or award. Appellant's exceptions to said report or award, and the decision of the court below thereon, are in the record by a proper bill of exceptions.

In this court, the appellant has assigned seven alleged errors of the court below; but, in his argument of this cause, the appellant has expressly waived the first three, and therefore we need to consider only the last four of these alleged errors. The last four of these alleged errors are assigned as follows :

"Fourth. Because the court below erred, in refusing to reject and set aside the award or report, for the reason that no notice. had been served, in any way, upon the plaintiff or appellant, and for the reason that no copy of the award was served upon any of the parties to the arbitration at any time.

"Fifth. Because the court below erred, in permitting the award to go upon the record of the court, without any notice whatever to the appellant.

"Sixth. Because the court below erred, in overruling the objections and exceptions of the appellant to the award of the arbitrators herein, and refusing appellant a jury trial herein.

"Seventh. Because the court below erred, in overruling the objections and exceptions to the report of the referees herein, and refusing a jury trial herein."

The real and only controversy between the parties to this appeal, in this court, relates to the character of the proceedings had, in the consolidated cause, in and out of the court, which finally resulted in the judgment of the court below from which the appellant has appealed to this court. Was there an arbitration of the consolidated cause, under the provisions of the statute of this State, entitled "An act relative to arbitrations and umpirages," approved February 3d, 1852 ? 2 R. S. 1876, p. 317. Or was there

a trial by referees of the consolidated cause, under the provisions of sections 349, 350 and 351 of the practice act? 2 R. S. 1876, p. 178.

The appellant insists, that there was merely a statutory arbitration of the consolidated cause; and that far forth we think that his view of the case is correct. But the appellant goes farther, and insists, that, as the record fails to show that a copy of the award was delivered to each of the parties as required by section 11 of the arbitration act, before referred to, the award was void, and that no valid judgment could be rendered thereon. In this latter position, under the peculiar facts and circumstances of this case, we are not inclined to concur.

It would seem to be clear from the agreement of the parties, and from the order of the court below made thereon, and from the terms used in both the order and agreement, that the parties and the court contemplated a statutory arbitration and award to be made by the parties named as arbitrators, as to the matters in controversy in the consolidated cause; and that the award, when made, should be a rule and order of the court below. But it is manifest, we think, that the parties and, with their consent, the court below intended to, and did, waive some of the formalities and requirements of the statute in relation to such arbitrations.

We take judicial notice of the terms of the court below, and of the duration of each term. And, therefore, we know that the March term, 1875, of that court began on the 1st day, and ended on the 20th day, of the month of March.

In this case, the agreement of submission to arbitration was dated March 10th, 1875, and provided that the arbitrators should commence the hearing of the cause on the 13th day of the same month; and the order of the court below thereon, of the 12th day of that month, contained the same provision. It is evident, therefore, that both the parties and the court intended to, and did, waive the " ten

days' written notice " provided for in the 4th section of the arbitration act. 2 R. S. 1876, p. 318.

It was provided also, both in the agreement of submission and the order of the court below thereon, that the award of said arbitrators should be returned into said court at its March term, 1875. As that term of said court expired by limitation of law on the 20th day of March, 1875, it can not be doubted that both of the parties intended to, and did, waive the delivery of a true copy of the award within fifteen days after the signing thereof, as provided for in the 11th section of said arbitration act. 2 R. S. 1876, p. 320.

From the award of the arbitrators, before set out, it appears, that, at the expiration of the March term, 1875, of the court below, they, the arbitrators, had not half completed the hearing of said cause. On the last day of said term, to wit, March 20th, 1875, the parties executed an additional agreement, wherein it was provided that said arbitrators might continue and complete their labors as soon as convenient, and adjourn at their option, and that the award of said arbitrators should be made a rule and order of the court below at its May term, 1875, and that said arbitrators should seal up their award, when completed, and retain it until the first day of said term of said court. It is clear, we think, from this additional agreement, that the parties, and each of them, intended to, and did, waive the delivery of a true copy of the award, within fifteen days after the signing thereof, as provided for in said 11th section of said arbitration act. Ordinarily, the delivery of such a copy of the award within the time limited in said 11th section is necessary to the validity of the award.

Each of the parties to an award has a personal right to have a true copy of the award delivered to him within the time limited by law, but this is a right which the parties, or either of them, may waive, if they, or either of them, may see proper to do so. And where, as in the case at bar, the terms of the agreement of submission to arbi-

tration are of such a character as to be inconsistent with the delivery of copies of the award to the parties, it may be held, as we hold in this case, that the parties to such agreement have waived their rights to the delivery of such copies.

It seems to us, also, that the stipulations in this additional agreement, that the award of the arbitrators should be made a rule of the court below at its May term, 1875, and that the arbitrators should seal up and retain said award until the first day of said May term, taken in connection with the fact that the action wherein the award was made was then and there pending, dispensed with the necessity for the service of any rule on the appellant, as required by the 13th, 14th and 15th sections of said arbitration act.

What we have said disposes of the fourth and fifth alleged errors assigned by the appellant.

The sixth alleged error was the overruling by the court below of appellant's objections and exceptions to the award of the arbitrators.

The 16th section of the arbitration act specifies the grounds upon which a party may resist the rendition of a judgment upon an award, as follows:

"First. That such award or umpirage was obtained by fraud, corruption, partiality, or other undue means; or that there was evident partiality or corruption in the arbitrators or any of them.

"Second. That the arbitrator or arbitrators [was or] were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence material and pertinent to the controversy, or any other misbehavior by which the rights of any party shall have been prejudiced.

"Third. That the arbitrator or arbitrators exceed his or their powers, or that he or they so imperfectly executed them that a mutual, final, and definite award on the

subject-matter submitted was not made." 2 R. S. 1876, p. 322.

We will consider the appellant's objections to the rendition of a judgment on the award in this case, in their enumerated order:

" 1st. Because the referees exceeded their powers in giving Charles B. Curtis a credit on account of James B. Curtis, against plaintiff, in the sum of one thousand four hundred and two dollars and seven cents."

This objection, if it had any foundation in fact, did not appear in the award or report of the arbitrators; and, therefore, it should have been supported by some evidence of its truth, by an affidavit showing the fact, or at least by an offer to prove the fact before the court. As it is, it is merely a declaration by the appellant, or by his counsel, of an alleged fact which did not appear, and which the appellant did not prove nor offer to prove, so far as the record shows. In our opinion, the court below did not err, in overruling this unsupported objection.

" 2d. Because the referees imperfectly executed their trust, and did not decide all matters referred to them, so that a final and definite award was not made on all matters submitted to them."

This objection was too vague and uncertain for any purpose. It did not appear on the face of the report or award, that the referees had imperfectly executed their trust, nor that they had not decided all matters submitted to them. Therefore, if this objection really existed, the appellant should have pointed out specifically what matters the referees had failed to decide. No error was committed by the court below, in overruling this objection.

" 3d. Because, on the pleadings, the plaintiff is entitled to a judgment for costs."

We fail to see the point of this objection, if such it can be called, to the award; and the appellant has failed to enlighten us. If the appellant was entitled to any judgment on the pleadings, why should it be limited to a

judgment for costs? We don't know, and the appellant has not informed us. This objection was correctly overruled.

Several other objections were made to the award, which it would be unprofitable, in our opinion, to set out and notice especially. Among other objections to the award, it was said that it was void, because it was not made, and concurred in, and signed, by all the arbitrators. It was not objected, that all three of the arbitrators did not meet and hear the cause, but the objection was, that the award was not the award of all the arbitrators.

By section 8 of the arbitration act, it is provided, that " the award of a majority is valid, unless otherwise required by the submission." 2 R. S. 1876, p. 319. There was nothing in the submission of this cause which can be fairly construed into a requirement that the award to be made should be concurred in by all the arbitrators.

In the case of *Buxton* v. *Howard*, 38 Ind. 109, the point now under consideration was before this court, and it was then held, WORDEN, C. J., delivering the opinion, that, " Where parties enter upon these statutory arbitrations, they must be understood as having contracted with reference to the statute, and as having agreed that a majority of the arbitrators shall be sufficient to make a valid award, unless the contrary expressly appears." We hold, therefore, that appellant's objection to the award in this case, that it was not made, and concurred in, and signed, by all the arbitrators, was properly overruled by the court below.

Appellant closed his objections to the award or report in this case with a prayer, among other things, that " issues be completed in said cause, and a trial by jury had thereon."

We do not find elsewhere in the record that appellant demanded a trial of this cause by a jury. It is clear to our minds, that appellant, after the submission of this cause to arbitration and the return of the award, was not entitled to a trial of the cause by a jury. Hav-

ing chosen arbitration as his mode of trial, he must abide by the award of the arbitrators, unless he could show some valid objection to such award.

This question was before this court in the case of *Milner* v. *Noel*, 43 Ind. 324, and it was then held, that, in cases of arbitration, it was not error to refuse a jury trial. We still adhere to that conclusion.

In our opinion, the court below did not err, in this case, in overruling the appellant's objections and exceptions to the award of the arbitrators, and in rendering judgment on said award.

The judgment of the court below is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.