## MARTIN *v.* BEVAN.

ARBITRATION.—*Practice.*—*Demurrer.*—A motion to make an award by arbitrators a rule or order of the circuit court may be made either orally or in writing, and is not subject to demurrer.

SAME.—*Rule to Show Cause.*—*Answer.*—Where, on motion of one of the parties to an award by arbitrators, the submission and award are entered of record in the proper court, and a rule is granted against the opposite party, to show cause why judgment should not be rendered on the award, the only adversary answer that the latter can make is to allege some of the grounds mentioned in section 16, 2 R. S. 1876, p. 322, of the act relative to arbitrations.

From the Cass Circuit Court.

*S. T. McConnell*, for appellant.

HOWK, J.—It appears from the record of this cause in this court, that, on the 28th day of July, 1873, the appellant and appellee entered into an agreement in writing to submit certain matters of difference, existing between them, to the arbitrament and award of certain persons named in said agreement, as arbitrators; that they each executed bonds, with satisfactory sureties, as required by the statute in relation to arbitrations, and agreed that the award of said arbitrators should be made a rule of the court below; and that the said arbitrators met, on proper notice of the time and place of meeting, and, having first been duly sworn according to law, on "a full, faithful and fair examination of all the matters of controversy," between said parties, made, published and delivered their award in writing, signed by them and attested by a subscribing witness, and delivered to each of said parties a copy of said award.

Afterward, the appellant filed in the court below a short petition, addressed to said court, filing therewith the submission to arbitration, proof of notice to the appellee and each of the arbitrators of the time and place of the meeting of said arbitrators, and a copy of said award, and praying that said award be made an order of said

court.   On presentation of said petition, and on the appellant's motion, the appellee was "ruled to show cause why the award should not be made a judgment" of the court below.   Afterward, on March 27th, 1875, the appellee appeared in the court below ánd demurred to the appellant's said petition, upon the ground that it did not state facts sufficient to entitle the appellant to the relief prayed for.   And afterward, on June 7th, 1875, the appellee's demurrer was sustained by the court below, and to this decision the appellant excepted; and judgment was rendered on said demurrer, in favor of appellee and against the appellant.

In this court, the appellant has assigned, as error, the decision of the court below, in sustaining the appellee's demurrer to the appellant's petition.

The first question presented for our consideration, by this alleged error, is purely and simply a question of practice.   The arbitration proceedings set out in the record were evidently intended by the parties to be had and held pursuant to, and in conformity with, the requirements of the act, entitled "An act relative to arbitrations and umpirages," approved February 3d, 1852.   2 R. S. 1876, p. 317.   As provided in the 13th section of said act, the appellant produced and proved, before the court below, by the proper subscribing witness, the submission to arbitration, and the award, and also proved that a copy of the award had been duly served on the appellee; thereupon the record shows, that it was ordered by the court, that said submission and award be entered of record, which was then done, and the appellee was ruled to show cause why judgment should not be rendered on said award.   2 R. S. 1876, p. 320.

It is manifest, we think, that when this order and rule were entered by the court below, the appellant's said petition had performed its entire function.   In truth, this petition was in legal effect a mere motion, and, if made orally by the appellant, it would have been entitled to

just the same consideration from the court below, as when made in writing, in the form of a petition. When the submission and award had been entered of record, and the rule to show cause had been granted against the appellee, the appellant's petition had accomplished its mission, its prayer had been fully answered, and thenceforward it had no vitality whatever, for any purpose. We can not regard the appellant's petition as, in any sense, a pleading; and, therefore, we think that the court below ought not to have considered nor ruled upon the appellee's demurrer to said petition. This demurrer was, in our opinion, an improper pleading in this case, and should have been struck from the files; or, if considered at all, it should have been promptly overruled by the court below. It seems very clear to us, that the appellee's demurrer to a mere preliminary petition or motion can not be, and ought not to have been, regarded as any sufficient response by him to the rule requiring him to show cause why judgment should not be entered upon said award. The 16th section of said act provides clearly and explicitly, what matters "the adverse party may show for cause against the rendition of said judgment." 2 R. S. 1876, p. 321.

In our opinion, these matters can only be shown properly by the answer of "the adverse party" to the rule to show cause. If, in such answer, any of the grounds mentioned in said 16th section are shown against the rendition of judgment, and if the objections set up in such answer are of such a character that they cannot be obviated by a motion "to modify or correct" the award, as provided in the 17th section of said act; and if, in that event, the answer is sustained on the trial by sufficient evidence, then, and only then, can a judgment be properly refused on such award by the proper court. In our opinion, the act in relation to arbitrations and umpirages should be liberally construed by the courts of this State; and that, when it can be done without a violation of the

letter or spirit of the act, the awards of arbitrators should be upheld and enforced.

The appellant's learned attorney has discussed at some length the legal sufficiency of the award in this cause. But as, in our opinion, the appellee has not made any sufficient response to the rule entered against him by the court below, requiring him to show cause why judgment should not be rendered on said award, we think that this latter question is not fairly or properly presented in or by the record. And besides, we have no brief from the appellee in this court; and, as the question suggested is one of some importance, we would prefer not to pass upon it, until it has been fairly presented by both parties.

What we now decide is, that a demurrer to such a petition as was filed by the appellant in this case was no sufficient response to a rule requiring the appellee to show cause why judgment should not be rendered against him on the award; that such cause can only be shown properly by an answer of "the adverse party;" and that the court below erred in sustaining the appellee's demurrer in this case.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to strike out the appellee's demurrer, and to require him to show cause by answer why judgment should not be rendered on said award, and for further proceedings.