## BARNARD v. DAGGETT.

REFEREES.—*Trial by.*—*Abandonment of Part of Cause of Action by Plaintiff.* —*Report*—*Practice.*—Under section 350 of the practice act, 2 R. S. 1876. p. 178, the plaintiff, in a trial by referees, may abandon any part of the cause of action stated in his complaint ; and, in such case, in relation to the abandoned part of the cause of action, the referees can only be required to report to the court the fact of such abandonment and what was abandoned

SAME.—*Retraxit, Attorney may File.*—Where there is a question as to whether the report of referees covers certain matters stated in the complaint, the plaintiff's attorney, under the first clause of section 772 of the practice act, 2 R. S. 1876, p. 305, has power to make and file a written *retraxit* of such matters and bind his client thereby, and such *retraxit* will cure the omission or defect in such report, and the court ought thereupon to render judgment in favor of the defendant for the matters so released.

From the Vigo Circuit Court.

*J. P. Baird* and *C. Cruft,* for appellant.

*J. G. Williams, J. M. Allen, W. Mack* and *J. W. Davis,* for appellee.

Barnard v. Daggett.

Howk, C. J.—This was a suit by the appellee against the appellant, for the recovery of a certain amount claimed to be due the former from the latter, growing out of certain unsettled partnership transactions. The appellee alleged in his complaint, that he and the appellant had been copartners in the saw-mill and lumber business; and he then stated, with much particularity and at great length, the transactions out of and by reason of which he claimed that the appellant became and was indebted to him in a large sum of money, for which he demanded judgment. The questions in this case, for the decision of this court, do not require that we should give any fuller statement of the facts alleged in appellee's complaint than the one here given.

The appellant did not plead to appellee's complaint in the circuit court on his first appearance, but he and the appellee agreed at once to a reference of the cause to three named persons as referees, and the cause was referred accordingly. The order of reference required that the referees should "report to this court, at the next term thereof, the facts and their conclusions of law thereon." Afterward, in the vacation of the court below, the appellant filed his answer, in general denial of the allegations of the appellee's complaint, with an agreement in writing thereto annexed, and signed by the counsel of the respective parties, to the effect that the appellant might "introduce every defence he may have, under the foregoing general denial, as if regularly filed.

Afterward, the said referees made their report in writing to the court, in substance, as follows:

"The referees have heard and carefully considered the evidence for and against the parties, in the complaint of *Daggett* v. *Barnard*, have also examined the books laid before us, purporting to contain the several amounts contained in the complaint, all the points in the complaint being

Barnard *v.* Daggett.

abandoned by the attorney for the complainant, except those contained in what grew out of the settlement said to have been made with hands and others, on the 21st and 22d of December, 1869, and the Turner and Benton account, and also sixty dollars paid Snediker for building dam. The amounts claimed, arising out of the December, 1869, settlement, the accounts and evidence, are so conflicting and unsatisfactory, that we consign them to a place with those points abandoned by the attorney. The claim of plaintiff in the Turner and Benton bill seems to be well founded. There is nothing in the books that we have been able to find, or in the evidence, that goes to show why the defendant, Barnard, should have the credit, or that he ever paid the five hundred and five dollars and ninety-seven cents, claimed in the Turner and Benton bill, and, also, that he is not entitled to the sixty dollars' credit on dam. We therefore find that C. M. Daggett is entitled to recover the one-half of five hundred and five dollars and ninety-seven cents, and also the one-half of sixty dollars, or in all two hundred and eighty-two dollars and ninety-eight cents."

This report was signed by each and all of the referees.

The appellant at the proper time excepted in writing to the report of the referees for the following causes:

1. That the report did not find the facts upon the issues in this action, and the conclusions of law thereon of the referees, as required by the court's order of reference, and was not responsive to said order;

2. That the referees did not, in said report, find upon all the issues in this action, as ordered;

3. That the referees, in said report, wholly failed to find and pass upon the item, in appellee's complaint, for money paid hands on the 21st and 22d of December, 1869, and that they had no legal authority to "consign it to a place with those points abandoned by the attorney," with-

out so finding thereon, as would bar a subsequent action therefor; and,

4.   That the general finding, in said report, of two hundred and eighty-two dollars and ninety-eight cents, in the appellee's favor, was contrary to law.

Pending the consideration of these exceptions to the referees' report, the appellee moved the court for leave to file his written *retraxit* of certain matters, stated in his complaint, to which the appellant objected, but the court overruled the objection, and gave the appellee leave to file his *retraxit*, which he did accordingly, in the words and figures following, to wit:

"Plaintiff, in consideration that there is a question as to the report of the referees covering all matters in complaint, hereby releases and abandons all claims and demands in said complaint specified, except the Turner and Benton bill and the $60.00 for building said dam, and agrees that as to said items released a judgment may be rendered in favor of defendant. October 26th, 1876.

(Signed,)          "CHARLES DAGGETT, per Mack."

To the decision of the court in overruling his objection to the filing of said retraxit, the appellant excepted, and then moved the court for a new trial, which motion was overruled, and to this ruling he excepted. His motion in arrest of judgment having also been overruled, and his exception entered to this decision, the court rendered judgment, upon the referees' report, for the appellee, in the amount which the referees found that he was entitled to recover.

In this court the appellant has assigned errors which call in question the several decisions of the circuit court adverse to him. Among these alleged errors is the following:

"That the court below erred in permitting the attorney for the appellee to file his *retraxit*, without authority shown from appellee so to do."

Barnard *v.* Daggett.

This alleged error presents for decision the point upon which the appellant mainly relies, in this court, for the reversal of the judgment below in this action. It will be seen from the referees' report, that, on the trial of the cause before the referees, the appellee abandoned all the matters stated in his complaint, except as to three items of demand mentioned in said report. Upon two of these three items, the referees found the fact to be that the appellant was indebted to the appellee in the one-half of the aggregate amount thereof. As to the third of the three items mentioned, the referees reported, in effect, that the accounts and evidence in relation thereto were so conflicting and unsatisfactory, they could not and did not make any finding thereon. In section 350 of the practice act, it is provided that the trial of a cause by referees shall be conducted in the same manner as a trial by the court. 2 R. S. 1876, p. 178. It would seem, therefore, that in a trial by referees the plaintiff might, as he certainly could in a trial by the court, abandon any part of the cause of action stated in his complaint; and, in such case, we think that the referees could not be expected nor required to take any other or different action in relation to such abandoned part of the plaintiff's cause of action, than the referees took in the case now before us, namely, to report to the court the fact of such abandonment and what was thus abandoned. Surely, in such a case, the referees could neither be required nor expected to report to the court "the facts and their conclusions of law thereon," in relation to such abandoned parts of the complaint.

The referees ought, however, under the order of reference, to have reported to the court the facts, and their conclusions of law thereon, in regard to the item of demand mentioned in their report, about which the evidence was "so conflicting and unsatisfactory," that they made no finding. On account of this omission and failure of the

referees to find and report to the court the facts, and their conclusions of law thereon, in regard to this item of demand in the appellee's complaint, the appellant filed his written exceptions to the referees' report. These exceptions of the appellant, it seems to us, ought to have been sustained by the court, unless it can be said, as we think it can, that the omission and failure of the referees to find and report to the court the facts and their conclusion of law thereon, in regard to the item of demand above mentioned, were cured by the appellee's *retraxit* of all matters alleged in his complaint, except those upon which the referees made and reported to the court their finding of the facts and their conclusion of law thereon.

A *retraxit* is defined to be an open and voluntary renunciation by a plaintiff of his suit in court, made when the trial is called on, by which he forever loses his action, or is barred from commencing another action, for the same cause. 3 Bl. Com. 296; 2 Archb. Pr. 250. It is claimed by the appellant's counsel, in argument, that the appellee's *retraxit* of the matters specified therein in this case was insufficient and invalid, because it was not made by the appellee in his own proper person, but by his attorney in this action. The general law on the subject of a *retraxit* certainly required that it should be made by the plaintiff in his own person, and not by his attorney. It was so held by this court, in the early case of *Lambert* v. *Sandford*, 2 Blackf. 137, wherein it was said that an attorney " had no authority to enter a *retraxit*, because that is a perpetual bar." *Kellogg* v. *Gilbert*, 10 Johns. 220.

Now, however, the power of an attorney to bind his client in a pending suit, and the extent of such power and the mode of its exercise, are prescribed and regulated by statute in this State. Thus, in section 772 of the practice act, it is provided that "An attorney has authority, until discharged or superseded by another:

Barnard u. Daggett.

"*First.* To bind his client in an action or special pro-ceeding, by his agreement, filed with the clerk, or entered upon the minutes of the court, and not otherwise." 2 R. S. 1876, p. 305.

Under this provision of the code, it can not be doubted, we think, that the appellee's attorney had full power and authority to make and file, and to bind his client thereby, the written agreement filed in this cause and denominated, both by court and counsel, the written *retraxit* of the ap-pellee. Under this written *retraxit* and by virtue and force thereof, the appellee released and abandoned all his claims and demands in his complaint specified, except as in said *retraxit* excepted, and the court was thereby fully authorized and warranted to render, and indeed ought to have rendered, a judgment for and in favor of the appel-lant, as to all the items and matters of demand so released and abandoned by the appellee in his said *retraxit.* It was not the appellee's fault that such a judgment was not rendered in favor of the appellant; for, in his written *retraxit,* the appellee had expressly agreed " that, as to said items released, a judgment may be rendered in favor of the defendant." Possibly, the appellant might yet, upon proper notice to the appellee, procure the rendition of a judgment in his, appellant's, favor, against the appellee, upon and in accordance with his said agreement contain-ed in his said *retraxit,* though this point we do not decide, as the question is not now before us.

We find no error in the record of this cause, which would authorize the reversal of the judgment below.

As to the practice in trials by referees, see the case of *Way* v. *Fravel,* 61 Ind. 162, and the authorities there cited.

The judgment is affirmed, at the appellant's costs.