## MARSH ET AL. *v.* CURTIS.
### No. 7048.

ARBITRATION.— *Waiver of Notice and Copy of Award.*—Where, by the terms of an arbitration bond, the arbitrators are required to seal up their award when completed, and retain it until the first day of a certain term of court, beginning six weeks after the date of the bond, the statutory right of the parties to a copy of the award, and to service of notice thereof within fifteen days after the award is made, must be regarded as waived.

SAME.—*Pleading.—Action Upon Bond.*—Where three cases between the same parties are referred to arbitrators, and an award is made, in an action upon the arbitration bond against the principal and sureties therein, an answer, admitting that an award was made in two of the cases, but averring that no award was made in the third, is no answer as to the award rendered in the two cases in which the answer admits that awards were made.

From the Jennings Circuit Court.

*E. P. Ferris* and *W. W. Spencer*, for appellants.

*T. C. Batchelor*, for appellee.

BIDDLE, C. J.—Complaint in three paragraphs, by the appellee against the appellants, on an arbitration bond.

Demurrer for want of facts overruled to each paragraph.

Answer in eight paragraphs. Demurrers to the second, third, fourth, fifth, sixth, seventh and eighth sustained. These rulings present the only questions in the case. The first paragraph was withdrawn, and judgment rendered on demurrer, for the appellee.

We premise by saying, that the award in this case, the performance of which the bond sued on was given to secure, is the same award as that considered in the case of *Spencer* v. *Curtis*, 57 Ind. 221, and therein held valid; the only difference between that case and this being, that in that case the controversy arose upon exceptions to the award, which was made a rule of court, and upon which judgment was rendered, while in this case the suit is

on the bond, to enforce the payment of the award, and the surety on the bond is a co-defendant. The objections taken to the complaint go to the validity of the award only, and are the same as those fully considered in the case cited, and therein carefully decided. We must therefore hold the award valid; and as no other objections are taken to the complaint, except those which go to the award, we must hold the complaint valid also.

Three cases were referred to arbitration out of the Jennings Circuit Court, namely: 1. Samuel A. Spencer against James B. Curtis and Charles B. Curtis. 2. James B. Curtis against Samuel A. Spencer and Charles B. Curtis. 3. Charles B. Curtis against Samuel A. Spencer.

The second paragraph of answer is pleaded to the first paragraph of the complaint. It admits the reference, and that the award was made, but avers that no award was made in the case of James B. Curtis against Samuel A. Spencer and Charles B. Curtis. It is plain that this is no answer to the award rendered in the other two cases. We do not see how the appellants can complain because one of the cases was not decided, and set that fact up to defeat the award in the other two cases.

The court committed no error in sustaining the demurrer to this paragraph of answer.

The third paragraph of answer was pleaded to the second paragraph of complaint, and the fourth paragraph of answer to the third paragraph of complaint. Each of these is the same as the second paragraph of answer pleaded to the first paragraph of complaint, and must be decided in the same way.

The fifth paragraph of answer is pleaded to each paragraph of complaint separately, and alleges that " said arbitrators gave Charles B. Curtis credit in their award for the sum of $1,402.04, against Samuel A. Spencer, which was the amount found due James B. Curtis in his cause of action

against Samuel A. Spencer and Charles B. Curtis ; " but it does not show by any averment of facts, wherein such a credit was wrong, if it was made. Besides, exactly the same question was settled against the appellant Samuel A. Spencer, in the case cited, differing in no respect, except that Edward Marsh, the other present appellant, the surety of Spencer, was not therein a party. We do not examine the question any more particularly in this case, because we are satisfied with the ruling upon the same question in that case.

The sixth, seventh and eighth paragraphs of answer are pleaded to the whole complaint. The sixth avers that no copy of the award was delivered to either of the appellants within fifteen days after it was signed by the arbitrators. The seventh paragraph avers that no notice of the award was served on either of the appellants within fifteen days after it was signed.

It is provided in the bond sued upon, which is dated March 20th, 1875, and made part of the complaint, that " said arbitrators may continue and complete their labors as soon as convenient, and adjourn at their option ; and that the award of said arbitrators shall be made a rule and order of the Jennings Circuit Court, May term, 1875. The arbitrators shall seal up their award when completed and retain it until the first day of said term of court.".

The agreement of the appellants in the bond, that the award should be sealed up and returned into court nearly two months after the submission is so incompatible with the rights of the appellants to a copy of the award, and notice thereof, within fifteen days after it was signed by the arbitrators, that such copy and notice must be held as waived ; for, if the award was to be sealed up, a copy of it could not be given until the first day of the May term, 1875, of the court, and notice by the agreement would necessarily be deferred until that time. It was so held in

the former case cited, and must be so held in this. We are satisfied with that ruling and are not disposed to reconsider the question.

The eighth paragraph of answer is pleaded by Edward Marsh separately to the whole complaint, and avers that judgment on the award was rendered on the 8th of January, 1875, of which he had no notice; that Samuel A. Spencer took an appeal from the judgment to the Supreme Court without any stay of proceedings, and that, for one year after the rendition of the judgment, said Spencer had personal property in Jennings county, subject to execution, sufficient to satisfy said debt and costs, and that Charles B. Curtis failed and refused to take out execution for said judgment, until said Spencer became notoriously insolvent; and that neither the arbitrators nor the plaintiffs notified this defendant in writing of the award at any time. He therefore demands judgment for costs.

We do not see wherein these facts constitute a defence to a suit on the arbitration bond; besides, if they did, there is nothing in this paragraph to show that the delay in issuing execution on the judgment was without the knowledge and against the consent of Marsh. It is, therefore, insufficient.

No other questions are presented by the record.

The judgment is affirmed, at the costs of the appellants.

Opinion filed at May term, 1880.

Petition for a rehearing overruled at November term, 1880.