No 8982.

### BEEBER *v.* BEVAN.

AWARD.—*Arbitration.—Agreement.—Condition Precedent.*—An agreement to submit to arbitration recited that there were controversies between the parties about the occupancy of certain real estate, and their rights thereto; that it was agreed that the appellant should surrender possession, which should not be a waiver of any of his rights.

*Held,* that the surrender of possession was not a condition precedent to the submission.

SAME.—*Exceptions to Award.*—To an award adjudging that the defendant pay the plaintiff a sum of money and pay his own costs in certain suits pending between the parties, and dismiss them, the defendant in answer to a rule of court to show cause why judgment should not be entered on the award, filed exceptions to the award, alleging: 1. That proof of the submission and of making the award, and of service of copies thereof

had not been proved according to the terms of the submission. 2. That the arbitrators exceeded their authority in requiring the defendant to dismiss and pay costs of a criminal prosecution, not under his control. 3. That since the award, the plaintiff had committed waste on the real estate (specifying it) to the defendant's damage, $200.

*Held*, that the exceptions were insufficient.

SAME.—*Trial.*—*Practice.*—Objections to the validity of an award, filed in answer to a rule to show cause, are in the nature of exceptions, and are to be tried by the court summarily without a jury.

SAME.—When an award is good in part and in part bad, and such parts are independent and severable, the award will be upheld so far as it is good.

SAME.—Matters occurring after an award, can not affect its validity.

SAME.—*New Trial.*—*Practice.*—A motion for a new trial is not proper upon exceptions to an award, and no question for the Supreme Court can arise thereon.

From the Cass Circuit Court.

*S. T. McConnell*, for appellant.

*D. B. McConnell*, for appellee.

NIBLACK, J.—On the 28th day of July, 1873, Mrs. Ann Martin, now Mrs. Ann Beeber, and William H. Bevan, entered into an agreement in writing to submit certain matters in difference between them to arbitration.

The agreement recited: "Whereas a controversy is now existing and pending between William H. Bevan and Ann Martin in relation to the occupancy of a part of lot No. 88, Old Plat, Logansport, Indiana, and their respective rights thereto; and whereas it is agreed that the said Ann Martin shall vacate said premises and give them up to the said Bevan without in any way waiving or abandoning her rights in any of the controversies between the parties, or of her claim for compensation growing out of said claims and controversies. Now, therefore, the said William H. Bevan and Ann Martin do hereby mutually consent and agree to submit the said controversy, and all questions of difference in regard thereto, including costs of suits now pending, which are to be dismissed if this submission is faithfully made, to the arbitrament and decision of William H. Standley, Henry C. Thornton and James Stanley."

The agreement further stipulated that the award should be in writing, and might be made by a majority of the arbitrators; also, that judgment might be rendered in the Cass Circuit Court on such award.

A majority of the arbitrators, after being duly sworn and hearing the evidence and allegations of the parties, made an award in writing, awarding to Bevan the possession of the part of lot No. 88, referred to in the agreement of submission, to be delivered up to him by Mrs. Martin within sixty days after the award should be delivered to her; also, awarding to Mrs. Martin the sum of $475, to be paid to her by Bevan, within sixty days after the award should be delivered to him; also, directing that Bevan should dismiss a suit brought by him, and then pending in the Cass Circuit Court, against Mrs. Martin for the possession of the part of lot described as above, each party paying his or her own costs; also, further directing that Bevan should dismiss an action of trespass then pending against Mrs. Martin, he to pay all costs made by him, and she to pay all costs made by her, in said action, and that the costs of the arbitration proceedings should be equally divided between the parties. Afterwards, upon a petition filed by Mrs. Martin, and upon proper preliminary proof being made in the court below, Bevan was ruled to show cause why judgment should not be rendered against him for the amount awarded to be paid by him as above stated. In answer to that rule, Bevan demurred to the petition, and, his demurrer being sustained, he had final judgment upon demurrer. Upon an appeal to this court, that judgment was reversed. *Martin* v. *Bevan*, 58 Ind. 282.

After the cause was remanded, the marriage of Mrs. Martin with one Beeber was suggested, and Bevan answered:

1st. That the making of the award, including the submission, and the service of copies thereof upon the parties, had not been proved according to the terms of the agreement of submission.

2d. That the arbitrators exceeded their authority in making the award, in this, they allowed the plaintiff sixty days in which to surrender the possession of the real estate in controversy, whereas, by the terms of the submission, the surrender of such possession was a condition precedent, and was to have been done at once; also, that the case referred to as an action of trespass, was a case of the State of Indiana against the plaintiff, and not a matter of difference between the parties; and was a proceeding which the defendant had no power to dismiss, and concerning which the arbitrators had no authority to require him to pay any portion of the costs.

3d. That since the making of the award, the defendant had occupied the part of lot No. 88, mentioned in the agreement of submission, for sixty days, during which time she committed various acts of waste in this, she tore down and destroyed a valuable picket fence situate on said premises; also, tore down and removed stables and outbuildings from said premises; also, broke out the windows in the dwelling-house thereon, and committed divers and sundry other acts of waste, to the defendant's damage, in the sum of $200, all in direct violation of the agreement of submission, and as a result of the award.

The plaintiff demurred severally to each paragraph of the answer, but her demurrer was overruled as to all the paragraphs. The plaintiff then replied in general denial, thus making a formal issue upon each paragraph of the answer.

The court heard the proofs and allegations of the parties, made a general finding for the defendant and rendered final judgment on the finding against the plaintiff.

An award, when made a rule of court, takes the place of, and is in many respects analogous to, the verdict of a jury. It also has many of the characteristics of the report of a referee, or of a master commissioner. *The Indiana, etc., R. W. Co.* v. *Bradley,* 7 Ind. 49. Objections, therefore, to the validity of such an award, whether for matters apparent upon the face of it, or of an extrinsic character, are in the nature of exceptions

to the award, which are to be tried in a summary way by the court without a jury, and do not involve, in any legal sense, a trial of the matters in controversy between the parties. *Spencer* v. *Curtis*, 57 Ind. 221.

The statute authorizing a rule to be granted against a party to an award to show cause why judgment shall not be rendered against him upon the award, evidently contemplates that the award upon which the rule is founded, shall be a valid award upon its face, and when this case was previously before us, it was decided upon the theory that all the preliminary proofs necessary to the granting of a rule against the appellee were duly made, and that the award was, *prima facie*, sufficient to bind the parties to its performance.

We did not wish then, nor do we desire now, to be understood as deciding that a respondent to such a rule might not, before answering, move to discharge the rule for the non-performance of some material condition precedent to its issuance, or because of the insufficiency of the award upon its face. At all events, the sufficiency of the award as a demand for judgment against the respondent, may be questioned under the third clause of section 16, of the Arbitration Act. As answers, however, to the rule against the appellee, none of the exceptions filed by him were sufficient to prevent judgment from being rendered against him upon the award. None of them presented any one of the statutory causes against the rendition of such a judgment. 2 R. S. 1876, p. 321, section 16.

The first exception was insufficient, if for no other reason, because the objections it assumed to make were too indefinite and uncertain. The second exception insisted upon an interpretation of the agreement of submission, which we think can not be sustained. That agreement did not provide that the appellant should immediately and as a condition precedent to anything else surrender the possession of the part of the lot mentioned in it.

The objection urged that the action of trespass, referred to in the award, was a prosecution in the name of the State, over

which the appellee had no control, might have been properly presented as a cause for the modification or correction of the award, but afforded no reason against the rendition of judgment upon other portions of the award. 2 R. S. 1876, p. 322, section 17; *Barnard* v. *Daggett*, 68 Ind. 305.

It is now well settled that where an award is good in part and bad in part, and such parts are in no wise dependent, the one upon the other, the good is severable from the bad, and the award will be upheld as to the parts which are good. 6 Wait's Actions and Defenses, 548. All of the award in this case which relates to the action of trespass, to which objection was made as above, can be struck out without impairing the award in other respects.

The third exception sets up matters occurring after the making of the award, and hence such as did not, and in the nature of things could not, affect the validity of the award when it was made. Whether damages resulting from such acts as those alleged in this exception might not, under some imaginable circumstances, be set off or recouped against such a demand as that presented by the appellant, is a question we have not considered, and hence concerning which nothing is here decided.

The court below erred in holding that the exceptions filed in this cause were sufficient as answers to the rule granted against the appellee.

In summary proceedings like those had in this case, no motion for a new trial is contemplated, and such a motion is not necessary to reserve questions upon the evidence. Hence, the motion for a new trial entered below raises no question here. *Shroyer* v. *Bash*, 57 Ind. 349; *Moore* v. *Barnett*, 17 Ind. 349.

The judgment is reversed, with costs, and the cause remanded for further proceedings.