No. 8964.

COULTER v. COULTER.

ARBITRATION AND AWARD. *Practice.—Motion for New Trial.*—Under the statute of February 3d, 1852, relative to arbitrations and umpirages (sections 830 to 855, R. S. 1881), a motion for a new trial is not contemplated or provided for, but the proceedings are summary, and the proper mode for reserving questions for the Supreme Court is by exceptions.

SAME.—*Statutory Arbitration.—Copy of Award.— Waiver.*—In a statutory arbitration, the general rule is that it is necessary to the validity of the award that a copy thereof should be delivered to each of the parties thereto, or left at his last and usual place of residence, by one of the

arbitrators, within the time limited by law; but it is competent for either of the parties to waive, either expressly or impliedly, the delivery of a copy of the award to himself, and such waiver will validate the award as to him, on that ground.

SAME.—*Costs of Arbitration.*— *Evidence.* — *Supreme Court.* — *Presumption.*— When the statement of the costs of arbitration is offered in evidence and is objected to, on the ground that the costs were not ascertained, estimated and returned with the award, and the ground of objection is not apparent, nor shown to be true in fact, the Supreme Court can not say, that the trial court erred in overruling the objection and admitting the statement in evidence, and will therefore presume that the ruling of the court was not erroneous.

From the Laporte Circuit Court.

*M. K. Farrand* and *E. G. Thomas,* for appellant.

*L. A. Cole* and *C. H. Truesdell,* for appellee.

HOWK, J.—The record of this cause shows that, on the 17th day of September, 1879, the appellee produced, in open court, an agreement of submission to arbitration, and the award of the arbitrators pursuant thereto. Thereupon proof was made, to the satisfaction of the court, of such submission by a subscribing witness thereto, of the award by one of the arbitrators, and by competent evidence that a copy of the award had been duly served on the appellant, Silas B. Coulter. Upon these proofs being made, on the appellee's motion, it was ordered by the court that the submission and award be entered of record, and that a rule be granted against the appellant to show cause, on the second day of the next term of the court, why judgment should not be rendered by the court upon the award.

Afterwards the parties appeared and the cause was submitted to the court for trial. The court found that the appellant had failed to show any good or sufficient cause against the confirmation of the award, and that the appellee was entitled to a judgment thereon. Thereupon the court confirmed · the award, and rendered judgment thereon for the appellee and against the appellant, for the amount of the award and interest, and the costs of suit, including the costs of arbitration, to

the rendition of which judgment, and especially the judgment for the costs of the arbitration, the appellant objected and excepted. His motion for a new trial having been overruled, and his exception saved to such ruling, he has appealed from the judgment below to this court.

Many supposed errors have been assigned by the appellant on the record of this cause; but in their brief here filed his learned counsel have expressly limited their arguments to such questions as would seem to be presented, and as they claim were presented, by and under the alleged error of the court, in overruling the motion for a new trial. It would seem, however, that a motion for a new trial is not contemplated or provided for in the statute regulating the proceedings in such cases as the one at bar, and, therefore, that the ruling of the court on such a motion would not constitute an available error in this court for the reversal of the judgment below. In *Beeber* v. *Bevan*, 80 Ind. 31, in delivering the opinion of the court, NIBLACK, J., said: "In summary proceedings like those had in this case, no motion for a new trial is contemplated, and such a motion is not necessary to reserve questions upon the evidence. Hence, the motion for a new trial entered below raises no question here."

But the evidence on the trial is in the record, by a proper bill of exceptions; and, therefore, we will consider and decide the questions discussed by counsel, although they are not presented by any proper or formal assignment of error, as it is not claimed by appellee's counsel that those questions are not before this court.

Two points are made by the appellant's counsel, in argument, against the award and the judgment thereon, each of which we will briefly consider and decide. It is insisted by counsel, that the evidence on the trial did not show the delivery of a copy of the award to the appellant within fifteen days after the signing of such award, and that it was, therefore, void. It would seem that, under the decisions of this court, as a general rule, it is necessary to the validity of a

statutory award, that a copy thereof should be delivered to each of the parties thereto, or left at his last and usual place of residence, by one of the arbitrators. *Estep* v. *Larsh*, 16 Ind. 82.

But while this would seem to be the general rule, in such cases, yet it can not be doubted, we think, that it is competent for the parties to the arbitration, or either of them, to waive the delivery to him, or them, of a copy of the award. The statute in relation to arbitrations and umpirages should be liberally construed, as it seems to us; and, when it can be done without violating the purpose and intention of the statute, the awards of arbitrators should be confirmed and enforced. *Martin* v. *Bevan*, 58 Ind. 282. In *Spencer* v. *Curtis*, 57 Ind. 221, the court said: "Each of the parties to an award has a personal right to have a true copy of the award delivered to him within the time limited by law, but this is a right which the parties, or either of them, may waive, if they, or either of them, may see proper to do so." This waiver may be made in express terms, or it may be shown by the actions of the parties, or either of them. *Marsh* v. *Curtis*, 71 Ind. 377.

In the case at bar, we are of the opinion that the evidence in the record fully justified and authorized the finding of the trial court, that the award had been duly served on the appellant, Silas B. Coulter, within the period of time specified in the statute. One of the witnesses testified on the trial that, within one week after the signing of the award, he saw the appellant in regard to the arbitration and read the award to him; that he then handed the award to the appellant, who read it for himself, and then gave it back to the witness; and that the appellant did not ask for a copy of the award. It seems to us that the evidence fairly tended to show a due and valid service of the award upon the appellant; and that the court, as the trier of the facts, was authorized to infer and find that the appellant had waived, as he lawfully might, his

personal right to the delivery to himself of a true copy of said award. We can not disturb the finding of the court, upon this point, on the weight of the evidence.

It is also claimed by the appellant's counsel, that the trial court erred in admitting in evidence a written statement of the costs of the arbitration. The bill of exceptions shows that, when this statement of costs was offered in evidence, "the defendant then and there objected on the ground that the costs mentioned therein were not ascertained, estimated and returned with the award; which objection was overruled by the court, and to this ruling the defendant then and there excepted." The ground of appellant's objection to the offered evidence was not apparent, or, if it was, the record does not show it to have been true in fact, nor was it shown to be true by affidavit or oral evidence. The record fails to show that the court erred in overruling the appellant's objection to the offered evidence; for it fails to show that the costs were not, in truth and in fact, ascertained, estimated and returned with the award. As the question is presented here, we can not say from the record before us, that the trial court erred in overruling the objection to the offered evidence; and, therefore, we must assume that no such error was committed. All fair and reasonable presumptions will be entertained in favor of the decisions of the circuit court, until such decisions are clearly shown to be erroneous by the record of the cause. *Myers* v. *Murphy*, 60 Ind. 282; *Stott* v. *Smith*, 70 Ind. 298; *Bowen* v. *Pollard*, 71 Ind. 177.

We are of the opinion that the court did not err in confirming the award of the arbitrators, and rendering judgment thereon, for the amount thereof and interest, and for the costs of suit, including the costs of the arbitration.

The judgment is affirmed, with costs.