Dukes *v.* Working *et al.*

Filed Feb. 22, 1884.

———◆———

No. 11,150.

DUKES *v.* WORKING ET AL.

DRAINAGE.—*Cost of Improvement.*—*Expense Exceeding Benefits.*—*Dismissal of Proceedings.*—Where proceedings are instituted and prosecuted, in the circuit court, for the purposes of drainage, and a remonstrance is filed thereto, if, upon the hearing had, the court finds for the remonstrants that it is not practicable to accomplish the proposed drainage without the expense exceeding the aggregate benefits, then, under section 4276, R. S. 1881, "the proceedings shall be dismissed."

SAME.—*Special Proceeding.*—*Exceptions to Findings.*—*Assignment of Errors.*—*Supreme Court.*—A proceeding under the act of April 8th, 1881, concern-

ing drainage (sections 4273 to 4284, R. S. 1881), is not a civil action, but a special proceeding, to which none of the provisions of the civil code are applicable, unless made so by the terms of the statute under which the proceeding is had. The proper mode of reserving questions upon the evidence for the decision of the Supreme Court, in such a proceeding, is by saving exceptions to the findings of the circuit court; and the proper assignments of error, for presenting such questions, are those which are predicated upon such exceptions.

From the Miami Circuit Court.

*W. E. Mowbray* and *C. R. Pence*, for appellant.

*J. L. Farrar, J. Farrar* and *W. C. Farrar*, for appellees.

HOWK, C. J.—This was a proceeding by the appellant, in the circuit court, under the provisions of the act of April 8th, 1881, concerning drainage. Sections 4273 to 4284, R. S. 1881. On the 16th day of December, 1882, the appellant filed, in the court below, his verified petition, under section 4274, praying for certain drainage described therein. Afterwards, on January 2d, 1883, proof of posting notices of the presentation of such petition, as required in section 4275, having been made by the appellant, the court made an order referring the matter to the commissioners of drainage, and fixing therein the time and place of their meeting, and the time when they should make their report. On the 15th day of January, 1883, the commissioners of drainage made to the court their verified report in the matter of the appellant's petition. Thereupon the appellees, sixteen in number, filed their verified remonstrance against such report, for the following causes: Because they were each assessed too much compared with other lands assessed or benefited; and because the proposed work would neither improve the public health, nor benefit any public highway of the county, nor be of public utility; and because the assessment of benefits to make the proposed ditch greatly exceeded any and all benefits to be derived therefrom.

The matters arising under the remonstrance were heard by the court, and the court found for the remonstrants, that there

Dukes *v.* Working *et al.*

was inequality in the assessments of benefits, and that it was impossible to equalize such assessments, as there were not lands enough assessed too low upon which the excess of the other assessments could be placed. The court also found for the remonstrants that the amount of the assessed benefits, which was, by the report of the commissioners, equal to the estimated cost of construction, was greater than the actual benefits to all the lands assessed. The appellant excepted to these findings of the court; and over his motion for a new trial the court rendered judgment, dismissing his petition.

The overruling of his motion for a new trial is the only error assigned by the appellant in this court. In this motion the only causes for such new trial were that the finding of the court was not sustained by sufficient evidence and was contrary to law.

It is very doubtful, at least, if the error assigned by the appellant, in this case, is sufficient to present any question for the decision of this court. This is not, in any proper sense, a civil action. It is a special proceeding, authorized by the General Assembly for certain well defined purposes. To such a proceeding, none of the provisions of the civil code seem to be applicable, unless made so by the terms of the statute authorizing the proceeding. *Hays* v. *Tippy*, 91 Ind. 102; *Anderson* v. *Caldwell*, 91 Ind. 451; *Indianapolis, etc., G. R. Co.* v. *Christian, ante*, p. 360. By analogy with other statutory proceedings, it would seem that in such a case as the one at bar, no motion for a new trial is contemplated or necessary to reserve questions upon the evidence, and that the only proper mode of reserving such questions, for our consideration and decision, is by saving exceptions to the findings of the court. *Beeber* v. *Bevan*, 80 Ind. 31; *Coulter* v. *Coulter*, 81 Ind. 542. It would seem, also, in such a case, that the only proper assignments of error here, for the purpose of questioning the findings of the court upon the evidence, would be such as were predicated upon the exceptions saved to such findings.

Waiving this point, however, in the case in hand, as the

appellant did except to the findings of the court, and as the evidence is in the record, we proceed now to the consideration of the questions discussed by appellant's counsel. It is first insisted by counsel, that the court erred in its finding, in regard to the inequality in the assessments of benefits, that it was impossible to equalize such assessments, as there were not lands enough assessed too low, upon which the excess of the other assessments could be placed. This finding was evidently made under the *fourth* statutory cause of remonstrance. It is provided in section 4276 of the statute, that if the finding be for the remonstrants, upon the *fourth* cause of remonstrance, " the court shall modify the assessment, and equalize the same as justice may require." It is very clear that the judgment below, in this case, does not rest upon the finding in regard to the inequality in the assessments of benefits; and, therefore, we need not consider further this finding of the court.

But it was also found by the court for the remonstrants, that the amount of the assessed benefits was greater than the actual benefits to all the lands assessed. This finding was made under the *sixth* statutory cause for remonstrance, namely : " That it is not practicable to accomplish the proposed drainage without an expense exceeding the aggregate benefit." In section 4276 of the statute it is provided: " If the finding be in support of the remonstrance on the *sixth*  *  *  cause of remonstrance above enumerated, the proceedings shall be dismissed." We are of opinion that the evidence in the record abundantly sustains the finding of the court on the *sixth* statutory cause of remonstrance, and that, for this cause, the appellant's petition was correctly dismissed.

We find no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Feb. 19, 1884.