### BAKER *v.* CHAMBERS.

Causes appealed from justices of the peace should not be tried upon errors in the transcript, but on the merits, upon the original papers.

Clerical errors or omissions in a justice's transcript should be allowed to be corrected by the justice, especially where there are sufficient papers on file for him to correct or amend by.

APPEAL from the *Putnam* Common Pleas.

PERKINS, J.—*Baker* sued *Chambers* before a justice of the peace. Trial in that Court upon the statutory general denial. Judgment for the defendant. The cause was appealed to the Common Pleas. There, a motion was made to dismiss the appeal, and it was sustained on the ground that the transcript did not show a cause of action in favor of the plaintiff.

The transcript stated the cause of action as follows:

"*James Baker* v. *Uriah W. Chambers.* Demand on note, 70 dollars. Plaintiff files his complaint in words as follows. $70. *January* 1st, 1861. One day after date, I promise to pay to the order of *William P. Lewis,* the sum of 70 dollars, value received without any relief whatever from valuation or appraisement laws. U. W. CHAMBERS." The justice entered below, on his docket, as the transcript showed, ".assigned to *James Baker,*" but did not state the manner of the assignment, and the transcript did not contain a copy of any assignment. But the original cause of action, the note itself, was on file, having been sent up, with the papers in the cause, by the parties; and on the back of said note was the indorsement of the payee to *Baker,* the plaintiff; and, by a cross-motion, preventing the motion of the defendant to dismiss, the plaintiff asked leave to show that the indorsement on the note was filed with the note before the justice as a part of the cause of action; and further asked that upon such showing, the justice, who was then and there present in Court with his docket, should be permitted to enter said endorsement,

*nunc pro tunc,* upon his docket, and then to amend his transscript accordingly; but the Court refused the cross-motion, and granted the motion to dismiss.

Causes appealed from a justice of the peace are not tried upon errors in the transcript, but on the merits, upon the original papers. It may be doubted, therefore, whether the defect in the docket and transcript of the justice, if indeed there was a defect, would have prejudiced the hearing of the cause in the Common Pleas; see *Treadway* v. *Cobb,* at this term; but, however this may be, if it was necessary that the assignment of the note should have been copied by the justice into his docket, as its omission was a mere clerical error, the assignment having been duly filed with him, the justice should have been allowed to supply the defect. See *Young* v. *The State Bank,* 4 Ind. 301; *Boyd* v. *Blaisdell,* 15 *id.* 73; Ind. Dig. p. 110. The note was actually on file, with the endorsement, to amend by.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings in accordance with this opinion.

*D. R. Eckles,* for the appellants.

*Williamson & Daggy,* for the appellee.