*J. W. Burton*, for the appellant.

*R. A. Clements, Jr.*, for the appellee.

---

THE STATE *ex rel.* SATTERLEE *et al.* v. PIERCE *et al.*; SAME *ex rel.* TUTTLE *v.* SAME.

PRACTICE—REFORMING JUDGMENTS.—Judgments were rendered against a sheriff and his sureties on his official bond. It was not ordered, in the judgments, that they should be executed without

any relief from appraisement laws, as might have been done, according to section 1 of an act approved *December* 21st, 1858, and section 381 of the code, 2 G. & H. p. 220. After the lapse of one year, but within three years from the date of their recovery, proceedings were instituted in which rehearings were sought by the plaintiffs therein, for the purpose of reforming the same so far as to have them so entered as to be collectable without relief. No excuse or reason was given for the failure to have the judgments rendered in accordance with said statutes; and no copy of the records in said cases were filed with the complaints. Demurrers to the complaints were sustained.

*Held*, 1. That the plaintiffs, so far as appeared from the complaints, by failure to take the judgments in the form they might have done, under said statutes, waived any right to judgments in forms different from those entered.

2. That in a suit upon a judgment a transcript thereof must be filed with the complaint.

APPEAL from the *Lake* Circuit Court.

HANNA, J.—These cases depend upon the same point, and are against the same defendants.

It is averred that judgments were recovered against *Pierce* and sureties on his official bond as sheriff of the county of *Lake*, the dates of which are given. After the expiration of one year from such recoveries, but within three years, this proceeding was instituted, in which rehearings are sought by the plaintiffs in said judgments for the alleged purpose of reforming said judgments so far as to have them so entered as to be collectable without regard to the valuation laws of the State. It is averred that, as entered, said judgments are in the ordinary form, but that under statutes quoted the plaintiffs were entitled to judgments in the form now sought. No excuse or reason is given for the failure to have the judgments rendered as now prayed, in accordance with said stat-

utes. No copy of the records in said cases is filed with the complaints.

The complaints were demurred to and the demurrers sustained.

The plaintiffs, so far as appears from the complaints, waived any right to judgments in forms different from those entered by failing to take them in such form as they might have done under the statutes. There may have been a valid excuse for such failure, but, if so, it appears to us it should be shown. It has been repeatedly held that, under the statute, in a suit upon a judgment, a transcript thereof must accompany the complaint. We do not see but that the reason for the rule is as strong and applies as well to proceedings of this character. We have held that to present rulings on demurrers no bill of exceptions is necessary. Under that decision the records, as made by the plaintiffs in these cases, would not contain the original judgments and record proceedings sought to be reformed. It will not do therefore to say that, as these proceedings were in the same Court, that Court might inspect its own records. That would not bring it before us for our examination. The safe rule is to require all that the Court below is required to pass upon to go into the record in such cases.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Bradley & Woodward,* for the appellants.