## HEBEL *v.* SCOTT.

PRACTICE.—*Motion to Correct Judgment.*—*Nunc Pro Tunc Entry.*—*Replevin.* In a suit to recover an article of personal property of the alleged value of three hundred dollars, with damages for its detention, upon an issue formed by an answer of general denial, there was a finding generally for the plaintiff, and, among other things, that the property was of the value of two hundred dollars and the damages nine dollars, and the clerk entered judgment only for the recovery of the property and damages, on the 3d day of December 1869, and on the 27th day of the May term, 1870, said term having commenced on the 9th of May, the plaintiff moved the court to correct the judgment so that the plaintiff should recover the value of the property in case a delivery could not be had; and the plaintiff proved notice to the defendant of the motion on the 29th day of April, 1870, and the defendant moved to set aside the service, first, for want of a proper summons; second, because there was no proper service; third, because the complaint was not filed ten days before the first day of the term. The court refused to set aside the service.

*Held,* that this ruling was correct.

*Held,* also, that a demurrer to the motion to correct the judgment was properly overruled.

SAME.—*Pleading.*—*Evidence.*—The defendant then answered, first, a general denial; second, that the value of the property was not in issue, and no evidence as to value was offered except to determine the jurisdiction of the court; third, that the plaintiff elected to take judgment only for the recovery of the property, and so directed the clerk; fourth, that there was no evidence of the value of the property introduced, and if there had been, defendant would have proved it to have been of little or no value. The second, third, and fourth paragraphs of the answer were stricken out.

*Held,* that this action of the court was correct, as on such motions special pleadings are not contemplated, and the disposition of the motion is to be summary, and the defendant cannot controvert the facts already found and entered upon the record. It might have been proved by competent evidence, that the plaintiff had, at the time the judgment was entered, elected to take it in the form in which it was written, and so directed the clerk; such proof would have defeated the motion.

APPEAL from the Cass Circuit Court.

DOWNEY, C. J.—The appellee sued the appellant, in the Cass Circuit Court, to recover a piano, of the alleged value of three hundred dollars, with damages for its detention. Upon an issue formed by the general denial, there was a trial by a jury, and finding, generally, for the plaintiff, and specially, among other things, that the value of the piano

was two hundred dollars, and the damages for its detention nine dollars.

The clerk, in entering the judgment, provided that the plaintiff should recover the property and the damages, but did not state in the judgment that the plaintiff should recover the value of the piano in case a delivery of it could not be had, as authorized by 2 G. & H. 219, sec. 374. The judgment was rendered on the 3d day of December, 1869.

At the May term of said court, the plaintiff moved the court to enter this latter part of the judgment, *nunc pro tunc,* and produced evidence of the service of notice of such intended motion on the defendant. The notice was served on the 29th day of April, 1870. The May term of the court commenced on the 9th day of May, 1870. The motion was made on the 27th day of the term, being the 8th day of June, 1870.

The defendant moved to set aside the service, because, 1. There had been no proper summons issued. 2. There had been no proper service. 3. The complaint was not filed ten days before the term of the court. This motion was overruled.

This ruling was correct. Such motions are not required to be filed ten days before court, and no summons is necessary. A notice is all that the law or practice requires.

The defendant then demurred to the motion, and his demurrer was rightly overruled. He then filed an answer in four paragraphs. The first was a general denial. The second alleged that the value of the piano was not in issue in the first suit, and no evidence was offered in reference to it, except simply to determine the jurisdiction of the court. The third stated that the plaintiff, by her counsel, elected to take the judgment simply for the recovery of the piano, and so directed the clerk to enter up the same. The fourth affirms that the plaintiff called no witnesses to prove the value of the piano, and that the verdict of the jury on the question of the value was rendered without proof and simply on the suggestion of plaintiff's counsel; that if the plaintiff had

put in issue the value, he was prepared to prove, and would have proved, that it was of little or no value; and that great injustice would be done him, if the judgment was now reformed so as to render him liable to the plaintiff for the amount assessed by the jury.

The second, third, and fourth paragraphs of the answer were stricken out, on motion of the plaintiff.

We see no error in this. In such motions as this, special pleadings are not contemplated. The application is to the court, to be disposed of in a summary manner. In this case the facts on which the judgment asked for was to be rendered had already been found by the jury. It was not competent for the defendant to controvert the facts already found and entered upon the record.

It may be questionable whether a proper practice in such a case would allow the defendant to plead even the general denial. The bill of exceptions says that, on the trial, the defendant offered to prove that the value of the piano was not in issue nor made an issue by the evidence in the former suit, which evidence was rejected by the court.

The complaint in the original action, as we have seen, alleged the piano to be of the value of three hundred dollars. The answer was a general denial. This made an issue upon the value. The jury found the value to be two hundred dollars. To allow the defendant now to introduce the evidence offered, would be a flat contradiction of the record in the original case, and cannot be allowed.

The defendant also offered to prove that in the former suit no evidence was offered of the value of the piano, and that the plaintiff elected to take judgment for possession, and that the piano was not of the value of two hundred dollars. This evidence was also rejected.

We cannot say that this ruling of the circuit court was wrong. If an offer had been made to prove, by competent evidence, that the plaintiff had, at the time of the rendition of the judgment, elected to take the judgment in the form in which it was entered, and had directed that it should be

Hebel v. Scott.

so entered, we think such evidence would have been admissible; for if the plaintiff got such a judgment as he desired, and as he elected to take, the court could not well listen to his complaint that, by the misprision of the clerk, he did not get all that he was entitled to. But such an offer was not made in this case. The offer was to prove three different things, two of which we are clear that the defendant had no right to prove. The part of the offer relating to the form of the judgment is too uncertain to justify the reversal of a judgment. It was an offer to prove that the plaintiff "elected to take judgment for possession." But it was proposed to prove that he elected to dispense with the judgment for the value of the property.

We are unable to see any merit in the defense in this case. It was the plaintiff's right to have the judgment as it was finally rendered. The law so provides, and the jury found the facts on which the judgment could properly be so rendered.

The judgment is affirmed, with costs.

S. T. McConnell and M. Winfield, for appellant.