## BLIZZARD ET AL. *v.* BLIZZARD ET AL.

NEW TRIAL.—*As of Right.*—*Costs.*—The payment of costs is a condition precedent to a new trial as a matter of right under section 601 of the code.

RECORD.—*Correction.*—*Motion.*—*Pleading.*—There is no available error in sustaining a demurrer to a complaint to correct an entry in a record of proceedings in court.   This application is a mere motion, and requires no pleading.

JUDGMENT.—*Exception.*—An exception to a judgment of refusal to amend the record will present the question of the correctness of that ruling.

APPEAL from the Tippecanoe Circuit Court.

BUSKIRK, J.—Benjamin Blizzard and others commenced an action in 1867 against William Blizzard and others in the court below, for the purpose of effecting a settlement of accounts between the parties, and of establishing the interests of the plaintiffs in certain lands then held by the defendants.   Issues were formed, a reference made to a commissioner, a report was made and approved, deeds were ordered, were made, reported, and approved.

The defendants moved the court for a new trial, as of

right, under section 601 of the code, but such motion was overruled and excepted to.

The above proceedings were had at the May term, 1868.

At the next term of court the defendants in such action filed a petition, making the plaintiffs to said original action defendants thereto, and praying the court for the correction of certain orders entered during the progress of the original case. The defendants demurred to the petition. The demurrer was sustained, and the plaintiffs excepted. A judgment was then entered refusing the motion, to which judgment no exception was taken.

The defendants to the original action, but the plaintiffs in the supplementary proceeding, appeal, and assign for error the overruling of the motion for a new trial in the original action, and the sustaining of the demurrer to the petition asking a reformation of the orders in the original action.

The appellees have moved to dismiss the appeal, for the reason that the assignment of errors fails to present any ruling of the Tippecanoe Circuit Court in the cause from which the appeal is taken, upon any matters presented by the record to the consideration and judgment of this court.

We have concluded that it would be more satisfactory to the parties for us to decide the case upon the errors assigned, than upon the motion to dismiss the appeal, and shall accordingly consider and dispose of the errors assigned.

Did the court err in overruling the motion for a new trial? The new trial was not asked for cause shown, but was demanded as of right. In our judgment, the motion was properly overruled. Such motion presented no question for the decision of the court below. It was not shown that the costs had been paid. The payment of the costs is a condition precedent to a new trial as a matter of right. The precise question involved here was fully considered and decided by this court in *Whitlock* v. *Vancleave*, 39 Ind. 511, to which we refer as authority for our ruling in this case. In that case the statute is construed and the decisions reviewed.

Such has been the uniform ruling of this court. *Falls* v. *Hawthorn,* 30 Ind. 444; *Schrodt* v. *Bradley,* 29 Ind. 352; *Mc-Sheely* v. *Bentley,* 31 Ind. 235; *The Indianapolis Piano Manufacturing Company* v. *First National Bank,* 33 Ind. 302.

The next question is, whether the court erred in sustaining the demurrer to the petition.

It is contended by counsel for appellees that this was a mere motion, and that no formal pleadings are required by the code, and that, consequently, the court committed no error in sustaining a demurrer to a pleading which was unauthorized and should have been stricken out on motion.

We concur in the views expressed by counsel for appellees.

The case of *Plough* v. *Reeves,* 33 Ind. 181, was a proceeding to obtain execution upon a judgment of more than ten years' standing. The defendant answered in six paragraphs. The court, on the motion of the plaintiff, struck out the third and fourth paragraphs, and this ruling was assigned for error in this court. This court held that there was no error committed by the court below, for the reason that "no pleadings are contemplated or required in a proceeding of this kind. It is a simple motion, to be heard by the court, in a summary way."

The case of *Hebel* v. *Scott,* 36 Ind. 226, was a proceeding to correct a judgment, and is much in point. The court below sustained a motion to strike out several paragraphs of the answer, and this ruling was assigned for error here. This court held that in such a proceeding no formal pleadings were necessary or contemplated by the statute. The court say: "We see no error in this. In such motions as this, special pleadings are not contemplated. The application is to the court, to be disposed of in a summary manner."

The right result having been reached, we will not reverse the judgment because such result was brought about by a demurrer instead of a motion to strike out. There was no error in sustaining the demurrer to the petition.

If the appellants had excepted to the judgment of the court in refusing to amend the former judgment, and had assigned such action of the court for error here, the correctness of such ruling would have been presented for review in this court; but there was no exception to the judgment, and consequently no question as to the correctness of such ruling arises in the record.

The judgment is affirmed, with costs.

PETTIT, J., having been of counsel, was absent.

*J. Applegate* and *J. A. Stein,* for appellants.

*C. A. Ray,* for appellees.