## BARNABY ET AL. *v.* PARKER.

PLEADING.—*Reformation of Written Instrument.—Mortgage.*—A mortgage of real estate could not be reformed as to the description of the mortgaged premises, and foreclosed as reformed, upon a complaint, which, proceeding as upon the mortgage as executed, afterward merely alleged "said premises" to be a tract, the description of which was given, differing from the description in the mortgage, and asked that the mortgage might be reformed to correspond with the latter description.

From the Henry Circuit Court.

*C. M. Butler* and *Brown & Brown,* for appellants.

*C. D. Morgan,* for appellee.

BUSKIRK, J.—By this action the appellee sought to obtain a foreclosure of a mortgage against the mortgagors and subsequent purchasers. The complaint was in two paragraphs. The first paragraph proceeded solely upon the mortgage, as it was executed, and then alleged that the mortgagors had subsequently sold and conveyed the mortgaged property to William Barnaby, and that he and his wife had sold and conveyed it to John Bird, who was then the owner of the land.

The second paragraph sets forth the same facts, and then avers "and that afterwards, to wit, on the 1st day of February, 1867, the said John C. Teas and Belle Teas executed to plaintiff and Philip D. Parker their certain mortgage on the following real estate in Henry county, Indiana, and described as follows"—then follows a description of the property, as it is described in the mortgage. The paragraph then proceeds as follows: "That said premises are as fol-

lows:" Immediately following the above is the description of a tract of land, which differs in several respects from the description contained in the mortgage, but there is nothing to show what lands were described or what connection they had with the present action. There is no averment that there was any misdescription of the land in the mortgage, or that the lands last described were the lands that were intended to be mortgaged, and that by mistake or inadvertence the wrong description was given, or that something had been inserted in the mortgage which was not intended to have been inserted, or that something had been omitted which the parties intended to have inserted. The concluding portion of the second paragraph prays that the mortgage may be reformed to correspond with the last description of said premises as described in the said paragraph.

A demurrer, joint as to the pleadings, was filed to the complaint, which was sustained to the first paragraph and overruled as to the second. This was improper, but the conclusion to which we have arrived renders it unimportant. The court decreed a reformation of the mortgage and its foreclosure as reformed, and we are required to decide whether such a decree can be sustained under the averments in the second paragraph of the complaint, and we hold it cannot be upheld. There are no averments in the complaint that justify a reformation. See *Allen* v. *Anderson,* 44 Ind. 395; *Baldwin* v. *Kerlin,* 46 Ind. 426, and the numerous cases cited; *Barnes* v. *Bartlett,* 47 Ind. 98; *Durham* v. *Bischof,* 47 Ind. 211.

The court, by sustaining the demurrer to the first paragraph of the complaint, held the description of the premises in the mortgage to be insufficient; and by the failure of the appellee to assign a cross error on such ruling, he admits such ruling was right; and by obtaining a reformation of the mortgage under the second paragraph, the appellee concedes that such description is insufficient. We, therefore, decide nothing as to the sufficiency of the description; and there being no cause shown for a reformation of the mortgage, we

NOVEMBER TERM, 1876.          273

decide nothing as to the right of the appellee to reform the mortgage as against the subsequent purchasers; but see *Flanders* v. *O'Brien*, 46 Ind. 284; *Busenbarke* v. *Ramey*, *post*, p. 499.

We hold that the court erred in overruling the demurrer to the second paragraph of the complaint.

The judgment is reversed, with costs, and the cause is remanded, with directions to the court below to sustain the demurrer to the second paragraph of the complaint.