No. 7794.

## PARKER *v.* TEAS ET AL.

PLEADING.—*Copy of Written Instrument.*—*Variance.*—Where there is a variance between the allegations of a pleading founded on a written instrument, in regard to its contents, and the copy of the instrument therewith filed, the copy will control and will be presumed to be right, until the contrary is shown.

MORTGAGE.—*Sufficiency of Description.*—*County and State.*—*Presumption.*—Where the mortgagors describe themselves, in the mortgage, as "of Raysville, Henry county, Indiana," and describe the mortgaged real estate as "lying in the northeastern part of the village of Raysville," without naming any county or State, the conclusive presumption will be that the "Raysville," last mentioned, is the one first mentioned and located in the same county and State, and the mortgage is not void for uncertainty as to the county and State in which the mortgaged real estate is situated.

SAME.—*Office of Description.*—*When not Void for Uncertainty.*—The office of the description of real estate, in a mortgage or other instrument, is to locate the premises intended to be embraced therein or affected thereby, with such reasonable certainty, as that they can be readily ascertained and possessed; and, where the premises are thus described, the instrument will not be held void for uncertainty in the description. Where the premises are described by given boundaries, and, also, as lying *in* a certain village, the boundaries will control, and the instrument will not be void for uncertainty, although the land within such boundaries is outside of such village.

SAME.—*Reformation of Mortgage.*—*Complaint to Reform and Foreclose.*—When the land intended to be mortgaged can be ascertained by the description in the mortgage, its reformation is unnecessary; and in such case a complaint to correct a supposed mistake in the description, and to foreclose the mortgage, will not be held bad on demurrer, merely because its allegations as to the mistake are not sufficient to entitle the plaintiff to a reformation of the mortgage.

From the Henry Circuit Court.

*C. D. Morgan, J. H. Mellett* and *E. H. Bundy,* for appellant.
*C. M. Butler* and *J. Brown,* for appellees.

HOWK, J.—This case is now before this court for the second time. When it was first here the opinion and judgment of the court are reported under the title of *Barnaby* v. *Parker,* 53 Ind. 271.

When the cause was remanded to the circuit court, the appellant, Parker, the plaintiff below, filed the third, fourth, fifth and sixth paragraph of his complaint, in addition to the first two paragraphs which were considered by this court on the former appeal.   To each of these additional paragraphs of complaint, the demurrers of all the appellees jointly, and of each of them separately, for the alleged insufficiency of the facts therein to constitute a cause of action, were sustained by the court, and to each of these rulings appellant excepted. Declining to amend or plead further, judgment was rendered against him for the appellees' costs.

In this court errors have been adjudged by the appellant which call in question the several decisions of the circuit court, in sustaining the demurrers, joint and several, of the appellees, to each of the additional paragraphs of complaint.

In the third paragraph of his complaint the appellant alleged in substance, that, on the 6th day of September, 1866, he and the appellees John C. and Belle Teas executed to one Ezra Scoville, their note for five hundred dollars, payable twelve months after date, with interest at ten per cent. from date; that appellant signed said note as the surety of said John C. and Belle Teas, at their instance and request, and received no part of the consideration therefor; that afterwards, on February 1st, 1867, the said John C. and Belle Teas executed to the appellant and one Philip D. Parker, their mortgage on the following real estate in Henry county, Indiana, to wit: "that certain tract of land lying in the north-eastern part of the village of Raysville, sold by Isaac Scott to John P. White, and by him to John C. Teas, containing five and one-half acres, more or less, bounded on the north by the land of Charles Barnaby or Kate Staff, on the east divided from the land of Samuel Pritchard by the public road leading north from Raysville, on the south by an alley running east and west between this tract and the lots of Newton and Lavina Brown, John Barnaby and Henry Staff, and on the west by the lots of Lawrence Durick and Charles Barnaby;" that

the said mortgage was executed to appellant and Philip D. Parker, in consideration of their becoming security for said John C. and Belle Teas, on certain notes, and the express condition of the mortgage was, that if the said John C. and Belle Teas should pay or cause to be paid their certain notes on which the appellant or Philip D. Parker was, or might thereafter become, security for the benefit of said John C. and Belle Teas, then the mortgage should become void; that said mortgage was duly recorded in the recorder's office of said county, on February 22d, 1867, and a copy of said mortgage was filed with and made a part of said paragraph of complaint; that, at the time of the execution of said mortgage, the appellant was the surety of said John C. and Belle Teas, upon their above described note to said Ezra Scoville; that afterwards, in 1870, the said John C. and Belle Teas removed to the State of Missouri, leaving no property to pay said note, and had since become and were insolvent; and that the appellant had been compelled to pay, and had paid, the said note to the amount of six hundred and fifty dollars.

And the appellant further said, that, after the execution and record of said mortgage, to wit, on the — day of ——— , 18—, the said John C. and Belle Teas sold and conveyed by deed to said William Barnaby, all the real estate described in said mortgage; that afterwards, on the — day of ———, 18—, the said Barnaby conveyed the same real estate by deed to the appellee John Bird; and that the said Bird was then the owner and in the possession of the same real estate. Wherefore, etc.

We gather from the briefs of counsel, as well of the appellees as of the appellant, that the demurrers to this paragraph and also to the fourth, fifth and sixth paragraphs of the complaint, were sustained by the circuit court, upon the ground that the description of the real estate, in the mortgage in suit, was so uncertain and insufficient as to avoid such mortgage. The description of the real estate, as contained in the mortgage, differs in some particulars from the description in the third paragraph of the complaint. But it is well settled by the deci-

sions of this court, that, in such cases, the description in the· instrument sued upon will control, and will be presumed to be correct until the contrary is shown. *Crandall* v. *The· First National Bank, etc.*, 61 Ind. 349; *Cotton* v. *The State,*. 64 Ind. 573; *The Watson Coal, etc., Co.* v. *Casteel*, 73 Ind. 296. It follows, therefore, that, in determining the question of the invalidity of the mortgage in suit, reference must be· had to the copy of the mortgage filed with and made part of· each paragraph of the complaint, instead of to the allegations· of each paragraph.

When this case was before this court on the former ap-- peal, the only question for decision was, whether or not the· allegations of the second paragraph of the complaint were· sufficient to entitle the appellant, Parker, to a reformation of the· mortgage. The court then said : "We, therefore, decide nothing· as to the sufficiency of the description ; and there being no cause· shown for a reformation of the mortgage, we decide nothing· as to the right of the appellee" (now appellant) "to reform· the mortgage as against the subsequent purchasers."

In the third paragraph of the complaint the question of the sufficiency of the description in the mortgage in suit is pre-- sented for decision without regard to any reformation of the instrument. We set out, in this connection, so much of the· mortgage as has any bearing upon the question of the suf-- ficiency of the description, as follows :

"This indenture, made the first day of the 2d month, com-- monly called February, 1867, witnesseth, That John C. Teas,. of ·Raysville, Henry county, Indiana, and Belle Teas, his wife,. in consideration of Isaac and Philip D. Parker becoming their security on certain promissory notes, have granted and sold, and by these presents do grant, sell and convey to the said· Isaac Parker and Philip D. Parker, that certain tract of land· lying in the northeastern part of the village of Raysville, sold. by Isaac Scott to John T. White, and by him to John C. Teas, containing five and one-half acres, more or less, bounded on. the north by the land of Charles Barnaby or Kate Staff, and

on the east divided from the land of Samuel Pritchard by the public road leading north from Raysville, on the south by an alley running east and west between this tract and the lots of Newton and Lavina Brown, John Barnaby and Henry Staff, and on the west by the lots of Lawrence Durick and Charles Barnaby; to have and to hold," etc.

The mortgage appears to have been acknowledged by the mortgagors on February 16th, 1867, before a notary public of Henry county, and to have been recorded on February 22d, 1867, in the recorder's office of said county.

It is claimed by the appellees' counsel, as we understand their position, that the mortgage was absolutely void for uncertainty in the description of the mortgaged real estate, in this, that it did not appear in the mortgage in what county or State the real estate therein described was situated. It does not seem to us that this position is well taken or can be maintained. The mortgage provides, by fair and reasonable construction, that John C. and Belle Teas, of Raysville, Henry county, Indiana, mortgaged the real estate in the northeastern part of said village of Raysville, in said county and State. When, by the terms of the mortgage, Raysville had once been located in Henry county, Indiana, it was wholly unnecessary, as it seems to us, in the subsequent mention of Raysville, in the same instrument, to specify again the county and State in which such village or town was located. For, in such a case, the fair and reasonable presumption is that the Raysville subsequently mentioned is the same Raysville first mentioned, and, of course, located in the same county and State; and this presumption must be regarded as conclusive, where, as in this case, the Raysville subsequently mentioned is not, by the terms of the instrument, located in some other county and State than is the first mentioned Raysville.

The object and office of the description of real estate, in a deed, mortgage or other instrument, are to locate the premises intended to be embraced therein and affected thereby, with such reasonable certainty as that they can, if necessary, be

readily found, ascertained and possessed. It can not be doubted, we think, that the description of the real estate in the mortgage in suit is so clear in its terms and so free from uncertainty, that any officer or other person, with the mortgage before him, would promptly locate the real estate in Henry county, Indiana, and would not think that it was located elsewhere, from the language used in the instrument. We are of the opinion, therefore, that the record of the mortgage was constructive notice of its contents to the subsequent grantees, near or remote, of John C. and Belle Teas, of the real estate mortgaged, and that the third paragraph of the complaint stated facts sufficient to constitute a cause of action against each and all of the appellees. *Rosenbaum* v. *Schmidt*, 54 Ind. 231; *Halstead* v. *The Board, etc., of Lake Co.*, 56 Ind. 363; *Rucker* v. *Steelman*, 73 Ind. 396.

It is further claimed that the mortgage in suit is void for uncertainty in the description, because the mortgaged real estate is described as lying *in* the northeastern part of Raysville, while the boundaries given embrace real estate not *in* but outside of Raysville. This fact, if it be the fact, is not apparent either in the complaint or in the mortgage; and, therefore, the question is not presented by appellees' demurrers. But, if the question were before us, we should be inclined to hold that the mortgage was a valid lien on the real estate embraced in the boundaries given, whether in or out of Raysville, and that this variance in the description would not avoid the mortgage.

Our conclusion is, that the court erred in sustaining the demurrers, joint and several, of the appellees to the third paragraph of the appellant's complaint.

Each of the fourth, fifth and sixth paragraphs of the complaint contains substantially the same allegations of fact as are contained in the third paragraph, with additional averments differing not only from the third paragraph, but also each from the others.

Parker *v.* Teas *et al.*

The fourth paragraph of the complaint contains some allegations in regard to a supposed mistake in the mortgage in suit, in relation to the description of the mortgaged real estate. We do not think that the allegations of this paragraph in regard to such mistake were sufficient to show that the appellant was entitled to any reformation of the mortgage; nor do we think that these allegations showed that any reformation of the mortgage was necessary. The other allegations of the paragraph were sufficient to withstand the appellees' demurrers thereto, and to entitle the appellant to the foreclosure of the mortgage as against all the appellees.

In the fifth paragraph of his complaint, in addition to the same allegations of fact as were contained in the third paragraph, the appellant set out at length the descriptions of the mortgaged real estate, as contained in the deed from Isaac Scott to John T. White, and in the deed from said White to said John C. Teas, both of which deeds were mentioned in the description of the real estate in the mortgage in suit. In the sixth paragraph of his complaint, in addition to the same facts stated in the third and fifth paragraphs, the appellant also set out therein full descriptions of all the lots and parcels of real estate, mentioned in the mortgage in suit as constituting the boundaries of the mortgaged real estate. What we have said, in considering the sufficiency of the third paragraph, is equally applicable to the fifth and sixth paragraphs of the complaint. In each of these paragraphs of complaint, the only question presented by the demurrers thereto seems to have been the supposed insufficiency of the description of the mortgaged real estate; and upon this question we have no doubt as to the sufficiency of the description. "There is no apparent ambiguity in the description, and the land described can be easily found, and its boundaries ascertained. The description is sufficient whenever the land intended to be mortgaged can be ascertained by it." *English* v. *Roche*, 6 Ind. 62.

The court erred, we think, in sustaining each and all of the demurrers to the fifth and sixth paragraphs of the complaint.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule all the demurrers to each of the third, fourth, fifth and sixth paragraphs of the complaint, and for further proceedings not inconsistent with this opinion.