Urbanski *et al. v.* Manns *et al.*

---

No. 10,047.

URBANSKI ET AL. *v.* MANNS ET AL.

PRACTICE.—*Nunc pro tunc Entry.—Record.*—A motion for an entry *nunc pro tunc* requires no pleadings; nor can the sufficiency of the motion be tested by demurrer or motion to strike out.

SAME.—*Parties.—Attachment.—Bond.—Principal and Surety.*—The only proper parties to a motion for an entry *nunc pro tunc* are the parties to the original cause, and if others be made parties thereto, as sureties on a bond given to release attached property, their rights will not be affected by a proper entry, and it is not error to refuse so to specify in the entry.

From the Harrison Circuit Court.

*B. P. Douglass, S. M. Stockslager* and *W. T. Jones*, for appellants.

*W. N. Tracewell* and *R. J. Tracewell*, for appellees.

FRANKLIN, C.—This is a proceeding by notice and motion for a *nunc pro tunc* entry correcting the record of a judgment. Appellees sued appellant Urbanski for a debt and connected attachment proceedings therewith in the Harrison Circuit Court. Certain property of Urbanski was attached by the sheriff, who returned the possession of it to Urbanski upon

his executing bond with appellants Samuel J. Wright and Lewis W. Bowling as his sureties, conditioned that " said Urbanski shall properly keep and take care of said property, and shall on demand deliver to said sheriff of Harrison county the personal property so attached by him, and described in said schedule above referred to, or that, failing so to do, they will pay the full appraised value of said property to the extent of any judgment which may be recovered against said Isaac Urbanski by said Manns Bros. & Co., and any costs which may be taxed against him in said proceeding."

The appellant Urbanski appeared at the trial and defended the action. The cause was tried at the November term, 1879. The court found for the plaintiffs, that there was due them from the defendant the sum of $288.96 ; and the court further found for the plaintiffs on the attachment proceedings, setting out the various steps taken therein, and describing the property attached, also stating the fact of the execution of the aforesaid bond. The defendant filed a motion for a new trial, which was overruled by the court, and seventy days were given in which to file a bill of exceptions, upon which a personal judgment only was entered of record against the defendant for the amount so found due, and no judgment was entered upon the findings in relation to the attachment proceedings. The notes or minutes of the court in the case, made by the court at the time on the judge's docket, so far as they affect the question under consideration, are as follows :

" 9th D. Finding for plaintiffs on their complaint and affidavit in attachment, and that there is due them $288.96. Judgment thereon."

These proceedings were commenced April 29th, 1881. The defendants appeared and, on the 10th day of May, 1881, offered to file a motion to strike from the files appellees' notice and motion for said *nunc pro tunc* entry, which was overruled by the court. The defendants then filed an answer in denial, and the defendants Wright and Bowling filed exceptions to plaintiffs' notice and motion, alleging new matter in release of their

liability on said bond executed by them as such sureties. The answer and exceptions, on motion of the plaintiffs, were stricken out. A trial on the motion was had in June, 1881, the court found that the court in the original trial found as in the record stated, and that the court then rendered judgment accordingly; "But, by the mistake of the clerk of this court in entering judgment upon said finding, a personal judgment only was entered against said defendant Isaac Urbanski, when a judgment and order for the sale of said property in said finding described should have been entered; and the court therefore finds that a judgment and order for the sale of said property should be entered now for them;" and judgment was entered accordingly. The defendants objected and excepted to the making of the corrected entry now for then; and the defendants Wright and Bowling moved to modify the judgment and order of sale, so that " nothing in it shall be so construed as to prejudice the rights or defence of said defendants Samuel J. Wright and Lewis W. Bowling in any action that may be had upon the undertaking entered into by them as sureties for the said Isaac Urbanski in the aforesaid attachment proceedings, by reason of the entry of the judgment and order of sale of said attached property, now for then." Which motion was overruled. The defendants have appealed to this court, and assigned the following errors:

1st. In refusing to allow appellants to file a motion to strike from the files appellee's motion to correct the record.

2d. In striking out appellants' answer.

3d. In striking out Wright and Bowling's exceptions.

4th. In sustaining appellees' motion to correct record, for the reason that said motion does not state facts sufficient.

5th. That the decision is not sustained by sufficient evidence.

6th. In overruling Wright and Bowling's motion to modify judgment and order of sale.

As to the first specification of error, the motion to strike from the files appellees' motion to correct the record was made on behalf of all the appellants. The motion states facts sufficient

to authorize the correction as against appellant Urbanski, and there was no error in not entertaining appellants' motion.

The second and third specifications of error, as to the striking out of the answer and exceptions, may be considered together. In proceedings of this kind the law does not contemplate special pleadings, and this court has repeatedly held that it is not error to strike them out, and that a motion to correct a record is to be disposed of in a summary manner. See the cases of *Jenkins* v. *Long*, 23 Ind. 460; *Goodwine* v. *Hedrick*, 29 Ind. 383; *Hebel* v. *Scott*, 36 Ind. 226; *Bales* v. *Brown*, 57 Ind. 282; *Latta* v. *Griffith*, 57 Ind. 329; *Newhouse* v. *Martin*, 68 Ind. 224; *Conway* v. *Day*, 79 Ind. 318. In the case of *Hebel* v. *Scott*, *supra*, it was held that it might have been proved by competent evidence that the plaintiff had, at the time the judgment was entered, elected to take it in the form in which it was written, and so directed the clerk; such proof would have defeated the motion. In the case of *Latta* v. *Griffith*, *supra*, it was held " that the paper styled a complaint should be regarded as a mere written motion, not to be tested by demurrer nor subject to an assignment of error that it does not state facts sufficient." Hence there is no question properly presented by the fourth specification of errors.

As to the fifth specification of errors the evidence clearly supports the finding of the court, and it can not be disturbed upon the evidence.

The sixth and last specification presents the only question that appellants Wright and Bowling appear to be directly interested in. They were not parties to the original judgment, and not necessary parties to the motion to correct the record, but, being made parties thereto by the plaintiff, they had the right to ask the court that in making the correction in the record they be protected by not being estopped from afterwards asserting and maintaining their intermediate equitable rights, if any existed, that had accrued between the rendition of the original judgment and the making of the correction.

In Freeman on Judgments, section 66, the following lan-

guage is used: "The entry of judgments or decrees *nunc pro tunc*, is intended to be in furtherance of justice. It will not be ordered, so as to affect third persons, who have acquired rights, without notice of the rendition of any judgment. Generally such conditions will be imposed as may seem necessary to save the interest of third parties, who have acted *bona fide*, and without notice; but if such conditions are not expressed in the order of the court, they are, nevertheless, to be considered as made a part of it by force of the law. The public are not expected nor required to search in unusual places for evidences of judgments. They are bound to take notice of the regular records, but not of the existence and signification of memoranda made by the judge, and upon which the record may happen to be afterwards perfected."

These appellants, Wright and Bowling, were bound to take notice of the personal judgment that was entered of record against Urbanski, but they were not required to take notice of the memoranda of the judge of the findings and rendition of the judgment by the court, upon which the entered judgment might be corrected, and whatever rights they might have acquired between the original entering of the judgment and its correction *nunc pro tunc*, in making such order, it would have been proper to have expressly saved to them such rights, so as to allow them to be made available in any subsequent proceeding. But this was not done, and in the investigation of appellees' motion to correct the entry of the judgment against Urbanski, they could not litigate and finally determine their liability on the attachment delivery bond. They were not parties to the original judgment, and no judgment, not even for costs, in the *nunc pro tunc* proceedings, was rendered against them. There does not appear to be any judgment against *them* from which they could have an independent right to appeal, and we think that all their rights can be fully protected in any legitimate subsequent proceedings, without reversing the *nunc pro tunc* judgment against Urbanski.

The refusal of the court to so modify the judgment and

Krug v. Davis.

order of sale, as to expressly save harmless all the rights of Wright and Bowling, presents no available error.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.