No. 10,094.

WILLIAMS ET AL. *v.* HENDERSON.

RECORD.—*Correcting Misprision.—Practice.*—After a cause has ceased to be *in fieri,* and after the term, the record thereof can only be corrected, if there be some written memorial or minute by which the actual proceedings can be clearly known; and parol evidence alone is never sufficient.

From the Johnson Circuit Court.

*R. M. Johnson,* for appellants.

*W. H. Barnett, G. M. Overstreet* and *A. B. Hunter,* for appellee.

FRANKLIN, C.—Appellee sued appellants upon a promissory note. There was a trial by jury; verdict for the plaintiff, and over a motion for a new trial, on the 12th day of

December, 1881, judgment was rendered for the plaintiff for the amount of the note and interest. Following the judgment, the record shows that an appeal was prayed to the Supreme Court, and thirty days were given the defendants in which to file bills of exceptions. No bill of exceptions was filed within the thirty days.

On the 2d day of March, 1882, the defendants filed a motion in the court below for a *nunc pro tunc* entry, to change the record so as to read that ninety days were given in which to file bills of exceptions, instead of thirty, which motion was by the court overruled.

The defendants then moved the court to correct the record in this respect, which motion was also overruled.

The record in this cause was filed in this court April 6th, 1882, and the transcript shows that a bill of exceptions was filed March 19th, 1882.

On the 12th day of April, 1882, appellants filed a petition in this court for a mandamus and certiorari to correct the record and have it certified as corrected, which petition was by this court overruled on the 19th day of April, 1882.

On the 24th day of May, 1882, upon the motion and affidavit of appellants, the court awarded a certiorari to have the bill of exceptions certified as corrected by the court below. A return was made to this June 24th, 1882, showing that the bill of exceptions had been presented to the judge on the 11th day of March and filed with the clerk the 18th day of March, 1882. But the record is left standing that only thirty days were given in which to file bills of exceptions which were taken at the trial of the cause.

A bill of exceptions was properly filed as to the overruling of the motions for a *nunc pro tunc* entry, and to correct the record.

The errors assigned are:

1st. The court erred in overruling the motion for a new trial.

2d. Overruling motion for a *nunc pro tunc* entry.

3d. Overruling motion to correct the record.

4th. Overruling motion for *nunc pro tunc* entry to correct record to correspond with the ruling announced by the court at the time of the rendition of the judgment.

All the questions arising under the motion for a new trial are dependent upon the first bill of exceptions. If it is not properly in the record, no question is properly presented by the first specification of errors. It is clear that this bill of exceptions was not presented or filed within the time allowed by the court, as the record now stands, and it becomes necessary to first consider the question as to whether the record should have been amended and changed by the court below.

Nearly three months after the trial and at a subsequent term of the court, based upon an affidavit of appellants' counsel, they filed a written motion for a *nunc pro tunc* entry, and also another motion to correct the record. These motions alleged that when the appeal was prayed for and granted at the time the judgment was rendered, the court gave appellants ninety days' time within which to file bills of exceptions, but through the "inadvertence and mistake of the court the minutes thereof show that but thirty days were granted in which to prepare and file a bill of exceptions, and that the record in said cause shows the same."

Parol evidence alone is not sufficient to authorize a *nunc pro tunc* entry, or to change the record after the proceedings have ceased to be *in fieri,* and after the term at which the record was made. Such amendments can only be made when there is some memorial or other minute of the transaction in the case from which what actually took place in the prior proceeding can be clearly ascertained or known. *Makepeace v. Lukens,* 27 Ind. 435; *Schoonover v. Reed,* 65 Ind. 313. Many other cases in this court to the same purport might be cited.

The second case above named is very similar, though not so strong a case as this against sustaining the motion. There the record did not show that any time was given in which to

file the bill of exceptions, and this court held that it could not be shown by parol evidence alone that time had been given. That was only to supply an alleged omission; this is to create a square contradiction and overthrow the record and all written memoranda by parol evidence. We have found no case that goes to that extent, do not think there is any, or should be any. Records would have but very little force if they could be contradicted and overthrown by parol evidence.

No clerical error or misprision of the clerk is shown. The court made its minutes upon its own docket at the time, and the clerk made up the record accordingly. That record can not be thus changed. And, further, this second bill of exceptions does not show what evidence, if any, was given upon the hearing of the motions, and does not even state that the affidavit upon which the motions were based was given in evidence, or that there was any evidence offered. The record does not show that there was anything before the court upon which the *nunc pro tunc* entry asked for, or the desired correction of the record, could be made. In the absence of the evidence, all reasonable presumptions are in favor of the rulings of the trial court.

There is no error in the overruling of the motions for a *nunc pro tunc* entry, and for correcting the record; and without such amendment or correction it can not be successfully claimed that the first bill of exceptions is properly in the record, and without the bill of exceptions no question is presented upon the motion for a new trial. There is no error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.