Filed May 27, 1884.

* * *

No. 10,933.

## RUNNELS ET AL. *v.* KAYLOR ET AL.

Judgment.—*Correction of Misdescription of Land Ordered Sold in Decree of Foreclosure.—Amendment.—Parties.—Practice.*—The amendment of a clerical error in a judgment entry is made summarily on motion, and a motion for a new trial therein is not warranted; it can only be done at the instance of a party to the record and upon clear evidence that the entry, by reason of clerical error, does not show the judgment actually

pronounced by the court. A purchaser of lands upon a decree of fore-closure or his assignee has no standing to make the motion to correct the description of the lands directed to be sold.

•From the Huntington Circuit Court.

*J. B. Kenner* and *J. I. Dille,* for appellants.

*J. T. Alexander* and *J. M. Hatfield,* for appellees.

NIBLACK, J.—About the year 1870, Levi Runnels died seized of an eighty-acre tract of land which descended to his widow, Hannah Runnels and his children, Charles W. Runnels, Maria Runnels, Levi S. Runnels and Madeline Runnels. On the 15th day of February, 1873, Hannah Runnels, the widow, executed a mortgage to John F. Runnels on what purported to be a part of the tract of land of which her husband had so died seized, to secure the payment of a note for $350. Soon afterwards the widow intermarried with one James C. Haley.

On the 20th day of May, 1875, John F. Runnels filed his complaint in the Huntington Circuit Court against the said Hannah Haley, and her husband James C. Haley, and the said Charles W. Runnels and others, children of the decedent, named as above, alleging the non-payment of the note, and praying judgment and the foreclosure of the mortgage.

The complaint averred that the mortgaged land was " described in said mortgage as the undivided east third ($\frac{1}{3}$) of the south half ($\frac{1}{2}$) of the southeast quarter ($\frac{1}{4}$) of section sixteen (16), township twenty-nine (29) north, range nine (9) east, in Huntington county, Indiana. Whereas it should be described as the undivided one-third of the south half of the southeast quarter of section sixteen (16), township twenty-nine (29) north, range nine (9) east, in Huntington county, in the State of Indiana ; and plaintiff further says, that it was the intention of said Hannah Haley, when she executed said mortgage to this plaintiff, to cover and convey her entire interest in all of said real estate thereby ; and the said plaintiff further shows the court that since the execution of said mort-

gage, to wit, on the 17th day of March, A. D. 1874, said south half ($\frac{1}{2}$) of said southeast quarter of said section sixteen was partitioned and divided, the interest therein of said Hannah Haley by an order and decree of this court being set apart to her; that said real estate of the said Hannah Haley so set apart to her by virtue of said partition is described as follows, to wit: Commencing at the northeast corner of said south half; thence ten chains to a stone; thence west ten (10) chains to a stone; thence north five (5) chains to a stone; thence west thirty-five (35) chains to a stone; thence west thirty chains to the west line of said south half; thence north five (5) chains to the northwest corner of said south half; thence east forty (40) chains to the northeast corner of said south half to the place of beginning, containing twenty-five acres, more or less." Wherefore the complaint demanded a reformation and correction of the mortgage as well as its foreclosure.

At the hearing, the court rendered a personal judgment against Mrs. Haley for $185 and decreed a foreclosure of the mortgage and a sale of the mortgaged land.

The decree of foreclosure and sale, as entered by the clerk, described the land according to the description contained in the mortgage, making no reference to the demand for the reformation and correction of the mortgage.

On the 15th day of March, 1882, Daniel Kaylor filed his motion in writing, setting forth the foregoing facts, and averring that the circuit court made a finding that the mortgage ought to be reformed and corrected, and that the failure of the decree to order its reformation and correction was the mere mistake of the clerk in entering it; also averring that since said decree had been entered the mortgaged land had been sold at sheriff's sale under it, and David A. Ream had become the purchaser of the same; that after receiving a sheriff's deed for the land so purchased by him, Ream conveyed the same to one John Miller, who had thereupon conveyed it to the said Kaylor; that Mrs. Haley had, in the

meantime, died. Wherefore Kaylor moved the court to make an order correcting the decree of foreclosure by inserting therein the description of the real estate lastly above set out, and that such correction be then entered as of the date at which the decree was rendered.

Reuben H. Gill, as the administrator of Mrs. Haley, and Charles W. Runnels and the other children of Levi Runnels, herein above named, were made defendants to the motion, but John F. Runnels, the judgment plaintiff, was not in any manner made a party to the motion.

The circuit court, after hearing the evidence offered, which consisted only of the pleadings and proceedings, including the judge's notes on the court-docket, in the original cause, ordered the decree of foreclosure to be amended by inserting therein a description of the mortgaged land corresponding with, and so as to include the land set apart to Mrs. Haley in the partition proceeding, which was accordingly done.

The alleged insufficiency of the motion as a complaint in this proceedings does not present any material question for our consideration. *Hebel* v. *Scott,* 36 Ind. 226; *Blizzard* v. *Blizzard,* 40 Ind. 344; *Latta* v. *Griffith,* 57 Ind. 329; *Urbanski* v. *Manns,* 87 Ind. 585. Nor is a motion for a new trial either contemplated or appropriate in such a proceeding. *Jenkins* v. *Long,* 23 Ind. 460; *Corwin* v. *Thomas,* 83 Ind. 110; *Dukes* v. *Working,* 93 Ind. 501.

In cases like this, as in all other merely summary or auxiliary proceedings, the reservation of an exception upon the sufficiency of the evidence raises the question of its sufficiency in this court without moving for a new trial. *Blizzard* v. *Blizzard, supra; Beeber* v. *Bevan,* 80 Ind. 31; *Coulter* v. *Coulter,* 81 Ind. 542.

Amendments of the entries of judgments and of decrees, like orders for their entries *nunc pro tunc,* will only be permitted in furtherance of justice, and in some of the States a much more liberal practice is indulged in respect to such amendments than in others.

Freeman on Judgments, at section 72, says: "The doctrine in this country, in reference to amendments of records, may be said to have crystallized into the following legal propositions, namely: That any error or defect in a record which occurs through the act or omission of the clerk of the court in entering, or failing to enter of record, its judgments or proceedings, and is not an error in the expressed judgment pronounced by the court in the exercise of its judicial discretion, is a mere *clerical error*, and amendable, no matter in how important a part of the record it may be; and when the error or defect is in respect to the entry of some judgment, order, decree or proceeding, to which one of the parties in the cause was of right entitled, and, as a matter of course, according to law and established practice of the court, it will sometimes be presumed to have occurred through the misprision of the clerk, and will always be amendable if from other parts of the record, or from other convincing and satisfactory proofs, it can be clearly ascertained what judgment, order or decree the party was entitled to."

As to the nature and sufficiency of evidence necessary to entitle a party to have a judgment or decree amended in this State, see the cases of *Boyd* v. *Blaisdell*, 15 Ind. 73; *Baker* v. *Chambers*, 18 Ind. 222; *Jenkins* v. *Long, supra; Miller* v. *Royce*, 60 Ind. 189; *Schoonover* v. *Reed*, 65 Ind. 313; *Hughes* v. *Hinds*, 69 Ind. 93; *Reily* v. *Burton*, 71 Ind. 118; *Mitchell* v. *Lincoln*, 78 Ind. 531; *State, ex rel.*, v. *Porter*, 86 Ind. 404; *Williams* v. *Henderson*, 90 Ind. 577.

The final order entered in this proceeding can not be sustained for several reasons: *First.* Because the application was not made by or on behalf of the judgment plaintiff, who was in some way a necessary party to the proceeding. *Cassel* v. *Case*, 14 Ind. 393; *Owen* v. *Cooper*, 46 Ind. 524; *Urbanski* v. *Manns, supra. Second.* Because such a mistake as that alleged in the motion can not be corrected upon the application of the purchaser under the decree of foreclosure or his assignee. *Rogers* v. *Abbott*, 37 Ind. 138; *Miller* v.

*Kolb*, 47 Ind. 220; *Lewis* v. *Owen*, 64 Ind. 446; *Angle* v. *Speer*, 66 Ind. 488; *Conyers* v. *Mericles*, 75 Ind. 443; *Keepfer* v. *Force*, 86 Ind. 81. *Third.* Because the evidence was insufficient, in any event, to authorize a correction of the description of the mortgaged land in the decree of foreclosure.

The judge's notes relied upon as affording sufficient evidence that the decree of foreclosure was not entered as directed, read as follows: "Defendants defaulted, except James C. and Hannah Haley; William H. Trammel appointed guardian *ad litem* for infant defendants; answer filed; submitted to court; finding for plaintiff $185, and foreclosure of the mortgage and sale of the premises ordered, as described in complaint."

In construing these notes, which we must do with reference to the complaint and antecedent proceedings in the cause, it must be observed that the complaint failed to allege that the mistake sought to be reformed was the *mutual* mistake of the parties to the mortgage, and that it had not, for that reason, presented a proper case for the reformation of the mortgage. *Baldwin* v. *Kerlin,* 46 Ind. 426; *Schoonover* v. *Dougherty*, 65 Ind. 463; *Wood* v. *Deutchman*, 75 Ind. 148; *Easter* v. *Severin*, 78 Ind. 540; *Craven* v. *Butterfield*, 80 Ind. 503.

There is in fact nothing in the pleadings as we find them in the record, or in any accompanying paper in the cause, showing that the judgment plaintiff was entitled to have a reformation of his mortgage at the time he took his decree of foreclosure. The inference must, therefore, be taken to be that the omission to enter a reformed or corrected description of the land in the decree resulted, as of course, from directions given by the court, and hence not from any misprision of the clerk. *Barnaby* v. *Parker*, 53 Ind. 271.

For the same reason we can not infer that the land referred to in the judge's notes was any other than the land described in the mortgage.

The concluding clause of section 396 of the R. S. of 1881, is in these words: "The court may also, in its discretion, al-

low a party to file his pleadings after the time limited therefor; and shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, and supply an omission in any proceedings, on complaint or motion filed within two years."

Whether the limitation of two years imposed by this provision applies to merely clerical omissions, like the one charged in this case, is a question which counsel have not argued, and which, for that reason, we have not considered. As bearing upon that question, however, see the case of *Temple* v. *Irvin*, 34 Ind. 412.

The judgment amending the description of the mortgaged land is reversed, with costs, and the cause remanded for further proceedings.

