# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1893, IN THE SEVENTY-
EIGHTH YEAR OF THE STATE.

———————◆———————

No. 1,302.

NIXON *v.* NICHOLS ET AL.

JUDGMENT.—*Amendment.—When May be Made.— Without Relief.*—A
party in whose favor a judgment, with relief, has been rendered,
can not, on motion, have the judgment amended so as to read
"without relief," after the term at which the judgment was ren-
dered, and after the proceedings have ceased to be *in fieri*, where no
excuse is shown for failure to have the judgment so rendered, or
where there are no minutes of the transaction in the case from
which what actually took place in the prior proceedings can be
clearly ascertained.

From Fountain Circuit Court.

*J. B. Martin,* for appellant.

*C. M. McCabe* and *J. Bingham,* for appellees.

DAVIS, C. J.—The only error assigned in this court is
the following: "That the court erred in overruling
plaintiff's motion to correct the judgment in the original
cause of this action."

It appears from the record that on the 7th of Septem-
ber, 1891, appellant filed a motion in the court below

against appellees in which substantially the following facts are alleged:

That appellant, as indorsee, brought suit in attachment against ·the appellees as indorsers of a certain promissory note and payable in bank, waiving relief from valuation and appraisement laws, in which proceeding judgment was rendered on the 21st day of December, 1887, in favor of appellant and against appellees for the sum of $37.23 principal and interest, and $10 attorneys fees, and for the sale of certain described real estate levied upon under the writ of attachment; that thereafter forty acres of the attached real estate were sold under said judgment for the amount due thereon, which sale was made without relief from valuation laws; that by inadvertency and oversight of said court in making the memorandum of said judgment, and by the inadvertency of the clerk of said court in making up the record in said cause, he so entered the judgment and decree therein, that it contained no order for collecting or enforcing said judgment without relief from valuation or appraisement laws. The relief sought is to correct said judgment and decree as of the date thereof "in this that said judgment be corrected to read without relief, and said decree of sale be corrected to read without relief." A demurrer to said complaint or motion was overrued. *Sherman* v. *Nixon,* 37 Ind. 153.

The record then recites "that said motion is submitted to the court for hearing, and the court after examining said motion and all the records and papers in said cause, and being sufficiently advised in the premises, overrules said motion."

Two questions are argued by counsel for appellant:

1. Was appellant entitled to a judgment in the original action without relief?

2. If she was entitled to such judgment, was appellant entitled to a correction of the record?

Counsel for appellee insist that the indorser in such case is not liable, according to the tenor of the note, to pay the amount which may be recovered against him without relief, but that the action against the indorser is upon the implied warranty that the note is valid, that the maker is liable to pay it, and that he is solvent, and that the recovery is for the money paid upon a consideration which has failed. *Foust* v. *Gregg*, 68 Ind. 399, and authorities there cited.

In *Beagles* v. *Sefton*, 7 Ind. 496, it does not appear whether the note was commercial paper or not, but it was decided in that case that the assignor was bound according to the tenor of the note, and as the note was payable without relief, that the judgment against him without relief was correct. Whether that case is controlling on the first proposition above stated, we need not determine.

So far as the second question is concerned, counsel for appellee contend that appellant must fail for two reasons:

1. Because the failure to have the judgment provide for its collection will be deemed a waiver of the right to have it so rendered, unless a sufficient excuse or reason is shown for such failure, and that no such excuse or reason has been shown in this case.

2. Because it appears that the court actually rendered the judgment with relief, in positive and express terms; that there was an adjudication of the question against appellant, and that her remedy was by appeal.

Conceding, without deciding, that appellant was entitled to a judgment without relief, no excuse is shown, in our opinion, for the failure to have the judgment so rendered.

In this connection, the language used by the Supreme Court in a similar proceeding many years ago, is appropriate:

"No excuse or reason is given for the failure to have the judgments rendered as now prayed, in accordance with said statutes.   *   *   *   The plaintiff, so far as appears from the complaints, waived any right to judgments in forms different from those entered, by failing to take them in such form as they might have done under the statutes.   There may have been a valid excuse for such failure, but, if so, it appears to us it should be shown." *State, ex rel.,* v. *Pierce,* 22 Ind. 116.

The general rule is, that after proceedings have ceased to be *in fieri,* and after the close of the term at which the record was entered, such amendments can only be made when there is some memorial or other minutes of the transaction in the case from which what actually took place in the prior proceeding can be clearly ascertained. *Williams* v. *Henderson,* 90 Ind. 577.

In this case, no oral evidence was introduced.   It appears that the entry on the judge's docket, from which the order-book entry was made by the clerk, recites, after showing notice and default, "finding in favor of plaintiff on affidavit in attachment for $37.23, and 10 dollars attorney's fee, and decree for sale of property attached with relief."

In the absence of any showing or explanation to the contrary, the reasonable inference is that the court was of the opinion—whether right or wrong, is not material —that appellant was not entitled to judgment without relief, and that the clerk, in writing the order-book entry, was governed by the minutes on the judge's docket.

It is true, that where the error or defect is in respect to the entry of a judgment to which one of the parties in the cause was of right entitled, as a matter of course,

according to law and the established practice of the court, it will sometimes be presumed to have occurred through the misprision of the clerk, and will be amendable, if, from other parts of the record, or other convincing and satisfactory proofs, it can clearly be ascertained what judgment the party was entitled to, but this rule does not prevail where the error is the expressed judgment pronounced by the court in the exercise of its judicial discretion. *Runnels* v. *Kaylor*, 95 Ind. 503.

Appellant relies on the cases of *Reily* v. *Burton*, 71 Ind. 118, and *Leonard* v. *Broughton*, 120 Ind. 536.

In the first case cited, the judge entered a minute on the issue docket to the effect that the judgment was "without relief from appraisement laws."

The second case is not in point on the question here involved.

We do not find any error in the record.

Judgment affirmed.

Filed May 9, 1894.